Abraham J. Gellinoff, J.
This is an application by petitioner, the Director of Kirby-Manhattan State Hospital, for an order of retention of respondent, an alleged mentally ill person, pursuant to CPL 730.50.
Respondent was indicted in 1948 for the crime of murder, and, pursuant to section 662-b of the former Code of Criminal *290 Procedure, was determined to be incompetent to stand trial, and committed to Matteawan State Hospital on April 29, 1948. He has remained in State hospitals ever since.
The parties are all agreed that the interests of society and the welfare of respondent would best be served by releasing him from the hospital at this time. While he is not now competent, nor, in the opinion of the physicians, is he likely ever to be,, the hospital authorities believe that his release in the custody of his two sisters would be the most appropriate form of treatment. Nevertheless, because of the outstanding 25-year-old indictment, petitioner seeks further retention, with the request that section 37.12 of the Rules and Regulations of the Department of Mental Hygiene (14 NYCRR 37.12) be applied. That section provides that a patient held pursuant to section 662-b of the former Code of Criminal Procedure may not be released from the hospital “without prior permission from the judge of the court having jurisdiction of the criminal proceeding pending against such patient. ’ ’ Accordingly, petitioner requests that this court order release pursuant to section 37.12.
Respondent urges that section 37.12 is inapplicable, both because of the intervening repeal of the Code of Criminal Procedure and the former Mental Hygiene Law, and because the language of the section would seem to require the motion to be made in the court having jurisdiction over the indictment, that is, the criminal term of the Supreme Court.
However, another more compelling ground, also urged by respondent, prohibits the application of section 37.12. In order for the court to release respondent according to that section, it would first have to grant the application for an order of retention. And, on the facts adduced at the hearing, such order may not be granted. For in Jackson v. Indiana (406 U. S. 715, 738 [1972]), the Supreme Court of the United States held that: “ A person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. ’ ’
It can hardly be disputed that 25 years is beyond the ‘ ‘ reason- . able period ” envisioned by the Supreme Court. And the undisputed testimony at the hearing — indeed, elicited by petitioner — ■ *291 is that respondent is not now, after 25 years in the hospital, nor is he likely to ever be, competent to stand trial. Therefore, he may not be retained on the criminal commitment pursuant to section 662-b of the former Code of Criminal Procedure, nor under CPL 730.50. The alternative is civil commitment or release.
At the hearing conducted on this application, petitioner, through his counsel, the Attorney-G-eneral, made clear his position that respondent ought not be retained in the hospital, but should be released. Accordingly, since the State does not elect to seek civil commitment, respondent must be released.
This decision, of course, does not affect the indictment. Although moribund for a quarter of a century, it remains in existence, and, in the unlikely event that respondent becomes competent, he theoretically could be tried on it. The court would suggest that counsel for respondent make the appropriate motion in Criminal Term to dismiss the indictment. In that regard, the court directs the Clerk to forward a copy .of this decision to the District Attorney of New York County.
The application is denied and respondent ordered released.