OPINION OF THE COURT
William C. Brennan, J.
This is an application by the People brought on by an order to show cause, signed by this court on December 9, 1981, why an order should not be entered precluding the Office of Mental Health (Manhattan Psychiatric Center hereinafter referred to as Manhattan) from granting unescorted furloughs to respondent, Dwight Jones.
The People further request that a hearing be held prior to any change in respondent’s status and that the District Attorney be provided certified copies of the respondent’s medical and clinical records.
The respondent and the Director of the Mental Health Information Service oppose this application urging that the statute does not give the District Attorney the right to receive a hearing to contest a psychiatric center’s proposed discharge of a patient even though notice of such change is required to be given to the District Attorney.
The respondent was admitted to Manhattan on May 27, 1981 following a hearing on May 21, 1981 dismissing the underlying criminal charges upon a final order of observa *842 tion.
On November 25, 1981, the District Attorney received notice (pursuant to CPL 730.60, subd 6, par [a]) dated November 23, 1981 informing the District Attorney that Manhattan “intends to proceed with Unescorted Furlough, conversion to Civil Status on the above-named on December 7, 1981.”
CPL 730.60 (subd 6, par [c]) reads as follows: “Whenever a district attorney has received the notice described in this subdivision, and the defendant is in the custody of the commissioner pursuant to a final order of observation or an order of commitment, he may apply within three days of receipt of such notice to a superior court, for an order directing a hearing to be held to determine whether such committed person is a danger to himself or others. Such hearing shall be held within ten days following the issuance of such order. Such order may provide that there shall be no further change in the committed person’s facility or status until the hearing. Upon a finding that the committed person is a danger to himself or others, the court shall issue an order to the commissioner authorizing retention of the committed person in the status existing at the time notice was given hereunder, for a specified period, not to exceed six months. The district attorney and the committed person’s attorney shall be entitled to the committed person’s clinical records in the commissioner’s custody, upon the issuance of an order directing a hearing to be held.” (Emphasis supplied.)
Since the enactment of this section there has been much confusion as to the intent of the Legislature regarding the right to a hearing after said notice has been received by the District Attorney.
In fact, the Governor’s memorandum issued on June 26, 1980 in which he approved the amendment to CPL 730.60, creating subdivision 6, states in part: “A deficiency with respect to the notice and hearing provisions in the bill have been brought to my attention. The sponsors have agreed, however, to support a chapter amendment to address and remedy that deficiency.” (NY Legis Ann, 1980, p 220.)
To date such an amendment has not been forthcoming.
*843 This court held in People v Wesson (Aug. 14, 1981) that the District Attorney was entitled to a hearing noting that “[i]t would serve no purpose to require the mental facility to give notice to the People of their intention to release the patient without giving the People the right to a hearing.” (But see People v Helfman, Dec. 3, 1981 [Agresta, J.].)
As noted in the Practice Commentaries to CPL 730.60 (Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 730.60, 1981-1982 Pocket Part, p 313) this amended section was designed to make it more difficult for persons committed under it to be released or have a change in status.
“The legislation is an immediate reaction to and an understandable and legitimate attempt to prevent serious and unfortunate occurrences where committed persons, having been released, acted violently and criminally.
“The amendment is structured simply to provide for notice and then hearing by the addition of a new subdivision 6. * * *
“Paragraph (c) of subdivision 6 triggers the hearing and retention of status mechanism. The district attorney is the authorized applicant to a superior court for a hearing to determine whether the committed person is a danger to self or others.”
The rights of a patient with respect to a change in his or her status must be carefully weighed and balanced against the needs and protection of the public.
In his memorandum of law respondent states: “Concededly, the purpose is to protect the public safety by applying closer scrutiny to any changes in status proposed in regard to incapacitated defendants/patients as well as facilitating surveillance of such patients.”
As set forth in CPL 730.60 (subd 6, par [c]) the purpose of a hearing is “to determine whether such committed person is a danger to himself or others.” Said subdivision also provides that the District Attorney shall be entitled to the committed person’s clinical records “upon the issuance of an order directing a hearing to be held.”
*844 The court finds that the last portion of this subdivision with respect to clinical records is an example of “putting the cart before the horse”.
In the absence of the information contained in such records, compiled during the period of observation, both the court and District Attorney are at a disadvantage in determining whether a hearing is warranted.
Obviously, the District Attorney is in no position to be satisfied that a patient will no longer be a danger to himself or to the community, upon his release, solely on the basis that notice of same has been provided in accordance with the statute.
It is clear from the memoranda submitted that neither party is able to document the respondent’s activities, medical history, etc., during this 90-day period at Manhattan leading up to the decision to make a change of his present status.
Therefore, the court has decided to take a novel approach in its determination of the instant application.
A careful review of the statute, in light of the attending circumstances herein, warrants the dissemination of the medical and clinical records to the District Attorney and counsel for Mental Health Information Service for proper evaulation. Receipt and review of same by both parties will enable the District Attorney to determine whether any application for a hearing on the subject matter is required.
As presently enacted the statute allows for such records to be provided only where a hearing is directed to be held by the court.
The court must interpret those portions of statutes that are ambiguous or lend themselves to a result not intended by the Legislature when viewed as a whole.
“Statutory words must be read in their context, and words, phrases, and sentences of a statutory section should be interpreted with reference to the scheme of the entire section.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97.)
“The Legislature is presumed to have intended that good will result from its laws, and a bad result suggests a wrong interpretation.
*845 “Thus, while consequences cannot alter statutes, they may help fix their meaning, and are important as a clue to the meaning; and courts are not bound to close their eyes to consequences.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 141.)
As noted above, the ultimate responsibility of all parties concerned, in matters of this nature, is the protection and welfare of the public as well as that of the respondent, and any construction of the statute (CPL 730.60) “which tends to sacrifice or prejudice the public interests or welfare is not favored, and should be avoided if possible.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 152.)
In reaching the decision enunciated herein, the court is not unmindful of the calendar congestion caused, in part, by the proliferation of hearings sought and granted.
Accordingly, the court directs the Commissioner of Mental Health to provide the District Attorney and counsel for the Mental Health Information Service with the respondent’s clinical records in the commissioner’s custody.
The balance of the application requesting a hearing is reserved pending further action by the District Attorney in accordance with this opinion.