■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARTIN HELFMAN et al., Respondents. — The People appeal from an order of the Supreme Court, Queens County (Agresta, J.), dated December 8, 1981, which denied their motion to preclude the New York State Office of Mental Health (Creedmoor Psychiatric Center) from discharging the defendant, and requesting a hearing as to his mental status, pursuant to CPL 730.60 (subd 6, par [c]). Order affirmed, without costs or disbursements. On June 28, 1981 the defendant was arraigned in Criminal Court, Queens County, on a charge of menacing, a.class B misdemeanor. The court ordered a psychiatric examination pursuant to CPL article 730 to determine if the defendant was an "incapacitated person".

Thereafter, the court found defendant to be an incapacitated person. A final order of observation was issued on July 20, 1981, committing defendant to Creedmoor Psychiatric Center for a period not to exceed 90 days and dismissing the charge, pursuant to CPL 730.40 (subd 1). On October 20, 1981, the ninety-second day of the defendant's commitment, Creedmoor Psychiatric Center gave notice of its intention to discharge him on October 28, 1981. The District Attorney moved in the Supreme Court, Queens County, by order to show cause returnable October 30, 1981, *inter alia,* for a hearing, pursuant to CPL 730.60 (subd 6, par [c]), as to the mental condition of defendant, prior to any change in defendant's status. Criminal Term denied the application. The People now appeal. CPL 730.60 (subd 6, par [c]) provides that "[w]henever a district attorney has received the notice described in this subdivision, and the defendant *is in the custody of the commissioner pursuant to a final order of observation or an order of commitment,* he may apply within three days of receipt of such notice to a superior court, for an order directing a hearing to be held to determine whether such committed person is a danger to himself or others * * * Such order may provide that there shall be no further change in the committed person's facility or status until the hearing" (emphasis added). The final order of observation automatically terminated upon expiration of a period of 90 days. Upon termination of such an order, the superintendent of the institution in which the incapacitated defendant is confined may retain him for care and treatment for a period of 30 days from the expiration date, pursuant to CPL 730.70. Alternatively, the incapacitated defendant may be retained in the custody of the commissioner as a voluntary patient, an informal patient or an involuntary patient pursuant to the Mental Hygiene Law (see Mental Hygiene Law, §§ 9.13, 9.15, 9.27, 9.33, 9.37). At the time Creedmoor Psychiatric Center notified the District Attorney of its intent to discharge defendant he was no longer in custody pursuant to a final order of observation. Apparently, defendant, upon termination of the final order of observation, was retained in the commissioner's custody pursuant to CPL 730.70. Since defendant was no longer in the commissioner's custody pursuant to a final order of observation, by the express terms of CPL 730.60 (subd 6, par [c]) the District Attorney was not entitled to a hearing. Additionally, we note that the alternative forms of custody available upon the expiration of a final order of observation result in a "less restrictive status" (see CPL 730.60, subd 6, par [a]) than custody pursuant to a final order of observation because the hearing and retention provision of CPL 730.60 (subd 6, par [c]) is not available where a person is committed pursuant to the Mental Hygiene Law or CPL 730.70. Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.