OPINION OF THE COURT
Seymour Rotker, J.
The petitioner in this action is the Queens County District Attorney. He moves this court to challenge a court order permitting the respondent to enjoy a less restricted institutional status.
Respondent Charles McArthur was indicted for robbery in the first degree by a Queens County Grand Jury in 1976. On November 24, 1980, pursuant to CPL 730.50, he was found incompetent to proceed to trial and committed to the custody of the Commissioner of Mental Health to be placed in an appropriate State institution. He was thereafter sent to the Mid-Hudson Psychiatric Center. In October, 1981, the respondent petitioned the Orange County Court to be released from the Mid-Hudson institution pursuant to the mandate set forth in Jackson v Indiana (406 US 715, 738). This application was granted by the Honorable Angelo J. Ingrassia on November 30, 1981 and the respondent was directed to be admitted to a civil mental institution pursuant to article 9 of the Mental Hygiene Law. The People did not appeal that decision.
*666 Thereafter, respondent was sent to Creedmoor Psychiatric Center for treatment and is presently confined there. On December 14, 1982 the respondent, as a patient, petitioned the court for escorted on-ground privileges and was granted same. The court further directed that the attending psychiatrist should file a report on the patient’s progress with the escorted on-ground privileges.
The District Attorney now moves to challenge the escorted on-ground privileges pursuant to CPL 730.60 (subd 6, pars [a], [b], [c]). It is the People’s contention that even though the defendant has been granted Jackson civil status, there is still a pending robbery indictment which gives the People constructive control over him. This constructive control, in turn, grants them standing to challenge the previous court order.
Respondent, through counsel, challenges the State’s right to intervene. It is his contention that neither CPL article 730 nor any corresponding section of the Mental Hygiene Law, in particular, section 29.11, is applicable to this case. The respondent further maintains that the recent Appellate Division case (People v Helfman, 91 AD2d 1034), decided on January 24, 1983, is dispositive of this issue and denies standing to the People.
A review of the law in this area must start with CPL 730.60 (subd 6). Paragraph (a) states: “Notwithstanding any other provision of law, no person committed to the custody of the commissioner of mental hygiene pursuant to article seven hundred thirty of this chapter, or continuously thereafter retained in such custody, shall be discharged, released on condition or placed in any less secure facility or on any less restrictive status, including, but not limited to vacations, furloughs and temporary passes, unless the commissioner shall deliver written notice, at least four days, excluding Saturdays, Sundays and holidays, in advance of the change of such committed person’s facility or status”. Thus it is the general rule that any defendant who is found incompetent to proceed to trial remains to some extent under the jurisdiction of the District Attorney pursuant to the above section. How far this control extends remains an open question. At least one court in a recent decision felt that CPL 730.60 (subd 6) was not to be *667 construed strictly but should be given a broad interpretation in order to protect the public interest (People v Jones, 114 Misc 2d 31). However, the recent Helfman case, cited by respondent, held that a defendant who is not in custody pursuant to a final order of observation or an order of commitment is not under the jurisdiction of the District Attorney for the purpose of hearings in connection with change of status or restrictive custody. Clearly, the court by that decision has interpreted this section in a narrow manner.
In the case at bar, the respondent is not “committed to the custody of the commissioner of mental hygiene pursuant to article 730 of this chapter, or continuously thereafter retained in such custody”. Rather, the respondent is presently in Creedmoor as a civil patient pursuant to section 9.27 of the Mental Hygiene Law, and related sections which govern involuntary admission of patients. While it might logically be argued that a pending indictment should be included as a basis of control under CPL article 730, such is not the present case and this court cannot grant such an exception without violating the express language of the Helfman decision.
Based on the above, this court concludes that once the defendant had been assigned Jackson status, the District Attorney has no standing to challenge any less restrictive status in the civil institution. They are only entitled to be advised of any change in the respondent’s legal status or to be told if respondent is to be placed in any setting outside of the physical confines of Creedmoor in accordance with the order of the Honorable Angelo J. Ingrassia dated November 30, 1981. Any broadening of the incompetency statute must, therefore, be left to legislative enactment. (See People v Delgado, County Ct, Orange County, Nov. 10, 1982, Indictments Nos. 2983/79, 3070/79.)
The application is therefore denied.