OPINION OF THE COURT
Richard L. Price, J.
Under indictments numbered 1286 and 1287 of 1979, this defendant Willie Merrill was indicted for two separate crimes of rape in the first degree and assault in the second degree.
On December 7,1980, pursuant to CPL 730.50 and after a hearing, it having been found that such defendant as a result of mental disease lacked the capacity to understand the proceedings against him or to assist an attorney in his own defense and that there is a substantial probability that he will not attain such capacity in the foreseeable future, this defendant was committed to the Mid-Hudson Psychiatric Center, a secured facility.
Thereafter, pursuant to a writ of habeas corpus, the Honorable Gerard E. Delaney, an acting County Court Judge in Orange County, and after a hearing on said writ and without opposition from the District Attorney, ordered that the said Willie Merrill be admitted “in the same manner as any other civil patient pursuant to Article 9 of *499 the Mental Hygiene Law” and pursuant to said order he was confined to the Bronx Psychiatric Center on September 15, 1982, an unsecured facility where he presently resides (Jackson v Indiana, 406 US 715; Baxstrom v Herald, 383 US 107).
Such order further provided that “if the Director or person in charge of any institution wherein the defendant is confined determines that * * * defendant be released from custody * * * then the Director or person in charge * * * shall give notice of such release * * * to the District Attorney of said County.”
Pursuant to such order the District Attorney has been notified that the Bronx Psychiatric Center, having found the defendant to be neither a danger to himself nor to the public at large proposes to release the defendant on an outpatient basis and presently applies to this court for an order to appoint an independent psychiatrist to examine such defendant preliminarily to decision as to the disposition of each of these indictments.
In opposition thereto defense counsel asserts the lack of authority for such a procedure either in the order itself, or in section 29.11 of the Mental Hygiene Law.
In Jackson v Indiana {supra, p 738), the Supreme Court held that an individual can only be held for a “reasonable period” of time to determine if he can attain the capacity to proceed to trial and if it be determined that he or she cannot attain that capacity, the State must either institute a civil commitment or release the defendant, rationalizing that subjecting defendant to a more lenient commitment standard and/or a more stringent standard of release than others not charged with crimes, in effect, condemned him or her to permanent institutionalization (Matter of Kesselbrenner v Anonymous, 75 Misc 2d 289 [25 years]; People ex rel. Anonymous v Waugh, 76 Misc 2d 879 [robbery, first degree —16 years]; People v Anonymous, 76 Misc 2d 884 [5 years]).
This concept providing for periodic judicial review of the need for continued hospitalization and limiting the time during which a defendant might be retained under such an order is embodied in CPL article 730 (CPL 730.50, subd 2) *500 and it was pursuant to this concept that this defendant was transferred to the Bronx Psychiatric Center on September 15, 1982.
The law (CPL 730.60, subd 6, par [a]) further provides that no individual so committed to the custody of the Commissioner of Mental Hygiene “shall be discharged * * * or placed * * * on any less restrictive status” without notification to (among others) the District Attorney who, in turn, may apply for a hearing to determine whether such person is a danger either to himself or to others in which case he may be retained for an additional six months.
However, when, as in this case, it is determined that the defendant will not attain the capacity to proceed to trial in the foreseeable future any restrictions upon his liberty are then governed by the provisions of article 9 of the Mental Hygiene Law and although under similar circumstances the District Attorney is entitled to notification, there is no similar statutory provision as in CPL 730.60 (subd 6, par [a]) providing for a hearing.
While normally the lack of the statutory provision would not be an insurmountable barrier since it could rationally be presumed that the very purpose for such notification is to afford the District Attorney an opportunity to contest the discharge it has been held that the equal protection clause of the Constitution requires that all classes of the mentally ill, whether or not under indictment, must be treated equally, taking into account, of course, the dangerousness to themselves or to the public at large (People v Metesky, 71 Misc 2d 519, citing Gomez v Miller, 341 F Supp 323). In addition, under the Mental Hygiene Law whether or not an individual is suitable for community living must be left to sound medical judgment (Seavy v State of New York, 21 AD2d 445, affd 17 NY2d 675) rather than the courts.
This determination is specifically buttressed by People v Anonymous A. (118 Misc 2d 427), People v McArthur (118 Misc 2d 665) and People v Jones (112 Misc 2d 841), all three cases relying on People v Helfman (91 AD2d 1034, 1035) concededly based upon a narrow interpretation of the statute but plainly holding that “the hearing and retention provision of CPL 730.60 (subd 6, par [c]) is not available *501 where a person is committed pursuant to the Mental Hygiene Law”.
Nonetheless, this court will assign an independent psychiatrist with the consent of the institutional authorities and over the objection of defense counsel to determine:
(1) If the defendant is presently capable of proceeding to trial and/or
(2) Whether in the opinion of such psychiatrist such defendant is capable of functioning on an out-patient basis.
Pending the receipt of this report, the defendant shall remain at the Bronx Psychiatric Center.