■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNIE FLOCK-HART, Appellant. — Appeals by defendant from (1) an order of the Supreme Court, Queens County (Groh, J.), dated March 25, 1982, which, *inter alia,* ordered her committed as an involuntary civil patient to the custody of the Commissioner of Mental Health and (2) an "order of conditions" of the same court dated March 25, 1982. Appeal from the order of civil commitment dismissed as moot, without costs or disbursements, as the six-month period during which the order was effective has expired. Order of conditions modified by vacating the first, third and fourth conditions therein. As so modified, order affirmed, without costs or disbursements, and remitted to the Supreme Court, Queens County, for the formulation of new conditions consistent herewith. In late 1981 defendant was acquitted of criminal charges resulting from an incident in which she neglected and abandoned her newborn child, after the court accepted her plea of not responsible by reason of mental disease or defect (CPL 220.15). After holding an initial hearing to determine defendant's mental condition pursuant to CPL 330.20 (subd 6), the court issued an order of civil commitment, committing her to the custody of the State Commissioner of Mental Health for a period not to exceed six months from the date of the order. The order of civil commitment stated in part "that any further retention, conditional release or discharge of the above-named defendant shall be in accordance with the provisions of the Mental Hygiene Law except as provided in the Order of Conditions of this court dated March 25, 1982". That order of conditions issued by the court contains the following relevant provisions: "ORDERED, that the above-named defendant, committed to the custody of the Commissioner of the Office of Mental Hygiene [*sic*] shall not be discharged or released on condition or placed in any less secure facility or on any less restrictive status including but not limited to vacations, furloughs, temporary passes, on grounds or off grounds privileges, unless the Commissioner shall deliver written notice of at least four (4) days, excluding Saturdays, Sundays and holidays, in advance of the change of defendant's facility or status to the District Attorney of Queens County and the said District Attorney of Queens County has the right to apply to the Supreme Court of the State of New York for an Order directed [*sic*] that a hearing be held to determine whether the relief demanded in the notice is appropriate and proper, and it is further * * * ORDERED, that the District Attorney shall be entitled to and receive four (4) days in advance written notice of any application for an Order of Retention or a petition for a Writ of Habeas Corpus or any other application made to the Court concerning the defendant's retention or discharge to or from the custody

and care of the Commissioner of the Office of Mental Health and the District Attorney has the right to participate as a party in said proceeding, and it is further ORDERED, in the event that the defendant becomes pregnant while in custody of the Commissioner of the Office of Mental Health or while subject to the Order of this Court that the Court and the District Attorney of Queens County be so notified and that the Commissioner of the Office of Mental Health or such other person or organization as designated by the Court provide appropriate psychiatric and counseling services to the defendant from the time the pregnancy is discovered until the child is five years of age". The Insanity Defense Reform Act of 1980 (L 1980, ch 548) established a "three track" system of procedures in CPL 330.20 for defendants acquitted following a verdict or plea of not responsible by reason of mental disease or defect (see memorandum of Governor Hugh L. Carey on approval of chapter 548 of the Laws of 1980 in NY Legis Ann, 1980, p 219). The procedures applicable to a particular defendant are determined by the court, based upon a finding of his or her present mental condition at the initial hearing held pursuant to CPL 330.20 (subd 6). If the District Attorney establishes, to the satisfaction of the court, that the defendant is suffering from a "dangerous mental disorder" (see CPL 330.20, subd 1, par [c]), then the court must issue a "commitment order" committing the defendant to a secure facility operated by the State Commissioner of Mental Health (see CPL 330.20, subd 1, par f; subd 6). Once a defendant has been subject to an order of commitment to a secure facility, the District Attorney must be given notice of all proceedings relating to his or her retention in, furlough, transfer, conditional release or discharge from such facility and is authorized to request a hearing to challenge any change in the defendant's facility or status (see CPL 330.20, subds 8, 9, 10, 11, 12, 13 and 18). If the District Attorney establishes, to the satisfaction of the court, that the defendant is, at that time, still suffering from a dangerous mental disorder, he may prevent the release of such an individual and require his retention in a secure facility. Defendant, who was adjudged to be mentally ill, but not suffering from a dangerous mental disorder, comes within a second category of persons, subject to the provisions of CPL 330.20 (subd 7). Pursuant to that subdivision, "[h]aving found that the defendant is mentally ill, the court must issue an order of conditions and an order committing the defendant to the custody of the commissioner. The latter order shall be deemed an order made pursuant to the mental hygiene law and not pursuant to this section, and further retention, conditional release or discharge of such defendant shall be in accordance with the provisions of the mental hygiene law." If the court finds that a defendant falls within a third category of persons, who do not have a dangerous mental disorder, and are not mentally ill it must "discharge the defendant either unconditionally or subject to an order of conditions" (CPL 330.20, subd 7). We conclude that Criminal Term has utilized the order of conditions to circumvent the requirement in CPL 330.20 (subd 7) that the defendant, who is adjudged to be mentally ill, but not suffering from a dangerous mental disorder, be committed to the custody of the Commissioner of Mental Health pursuant to a civil order of commitment, which is governed by the procedures for release and retention prescribed in article 9 of the Mental Hygiene Law (see Mental Hygiene Law, §§ 9.21, 9.33, 9.35). By issuing conditions one and three, Criminal Term has impermissibly attempted to apply to defendant the more stringent procedures applicable to defendants confined to a secure facility pursuant to an order of commitment or recommitment, after a finding that they have a dangerous mental disorder (CPL 330.20, subd 6). The procedures applicable to the latter category of defendants authorize the District Attorney to exercise "veto power" over any change in facility or status of those defendants by the Office of Mental Health. The provisions of

article 9 of the Mental Hygiene Law, applicable to patients subject to involuntary civil commitment, who do not have a dangerous mental disorder, however, do not authorize the District Attorney to exercise such veto power with respect to their release from a mental hospital, nor do they authorize the participation of the District Attorney as a party in the proceedings related to the retention or the release of such a patient (see Mental Hygiene Law, §§ 9.31, 9.33, 9.34; *People v Helfman,* 91 AD2d 1034). Criminal Term has, thus, impermissibly attempted to subject defendant to more stringent procedures for release and reduction of restrictions than are applicable to other similarly situated persons confined to mental institutions pursuant to involuntary civil commitment orders (cf. *Matter of Torsney,* 47 NY2d 667). Additionally, Criminal Term has incorrectly applied to defendant the detailed notice provisions applicable only to persons committed to the Commissioner of Mental Health pursuant to CPL article 730 which deals with defendants found to be unfit to proceed to trial (see CPL 730.60, subd 6, par [a]; Mental Hygiene Law, § 29.11, subd h). At the very most, Criminal Term may, consistent with article 9 of the Mental Hygiene Law, require that notice be given to the District Attorney of proceedings related to defendant's retention in or release from the custody of the Commissioner of Mental Health, conducted pursuant to that article (see Mental Hygiene Law, § 9.31, subd [c]; § 9.33, subd [c]; § 9.35). The District Attorney may attend such proceedings but may participate in them only if called upon to present evidence by one of the parties, the patient or his authorized representative and the Commissioner of Mental Health, or the court. Any conditions related to defendant's release from or retention in the custody of the Commissioner of Mental Health, established by Criminal Term on remand, shall be effective only if defendant is involuntarily committed to the custody of the commissioner during the five-year period that the order of conditions is effective (see CPL 330.20, subd 1, par [o]). The condition requiring, *inter alia,* that defendant undergo psychiatric counseling if she becomes pregnant again is reasonably related to defendant's mental disorder. That condition, as it is currently worded, however, impermissibly extends beyond the five-year effective period for an order of conditions authorized by CPL 330.20 (subd 1, par [o]). Finally, the provision for notification to the District Attorney if defendant should become pregnant during the effective period of the order must be stricken. Damiani, J. P., Lazer, Mangano and Boyers, JJ., concur.