■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCHLOMO SALEM, Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Egitto, J.), dated December 27, 1984, committing him to a secure facility for six months pursuant to CPL 330.20 (1) (b) upon finding that he suffered from a "dangerous mental disorder".

Order affirmed, without costs or disbursements.

On August 30, 1984, after a nonjury trial, the defendant was found not responsible for the crime of manslaughter in the first degree by reason of a mental disease or defect (CPL

330.20). Thereafter, the procedures mandated by CPL 330.20 were instituted, and on December 27, 1984, an initial hearing was held to determine the defendant's then present mental condition (see, CPL 330.20 [6]). Both psychiatrists who examined the defendant pursuant to CPL 330.20 (2) found him to be suffering from a dangerous mental disorder. No evidence was adduced to the contrary.

Initially, it is noted that although the order on appeal has expired and the defendant apparently remains committed pursuant to a subsequent first retention order, the appeal is not moot. The initial commitment order has an effect upon all subsequent proceedings concerning the defendant's commitment. For instance, where a court finds that a defendant is mentally ill but does not have a dangerous mental disorder, provisions of the Mental Hygiene Law apply "at that stage of the proceedings and at all subsequent proceedings" (CPL 330.20 [7]; cf. People v Flockhart, 96 AD2d 843).

It is clear from the record that the People established by a preponderance of the evidence (People v Escobar, 61 NY2d 431) that the defendant suffered from a dangerous mental disorder which required his commitment to a secure facility. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.