■ In the Matter of ROBERT WINSLOW, Appellant, v PEGGY O'NEILL, Respondent.—In a habeas corpus proceeding pursuant to Mental Hygiene Law § 33.15, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), dated March 31, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

On December 16, 1988, the petitioner was involuntarily admitted to the psychiatric unit of Hempstead General Hospital pursuant to Mental Hygiene Law § 9.37 (a), which authorizes the involuntarily admission of a person upon the representation of a director of community services that such person "has a mental illness for which immediate inpatient care and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or others".

On February 23, 1989, an order authorizing the petitioner's retention at Hempstead General Hospital for a period not to

exceed six months from February 14, 1989, was signed. No hearing was held, since none had been requested, and no appeal was taken from that order.

On March 2, 1989, the petitioner was transferred to Pilgrim Psychiatric Center pursuant to an administrative order of transfer signed by the respondent on February 27, 1989.

The petitioner brought the instant proceeding, and a hearing was held, at which the petitioner testified in his own behalf, but declined to offer his hospital record into evidence. Although the petitioner's counsel called the petitioner's attending psychiatrist to the stand, the doctor was asked no questions about his patient's mental condition. The court dismissed the proceeding on the grounds that it was bound by the prior retention order, and because the petitioner had failed to present sufficient evidence to establish a change in his mental condition.

On appeal, the petitioner submits that the burden of proof should not have been placed on him to sustain his application for habeas corpus relief. This contention is without merit.

The petitioner failed to request a hearing, as provided for by Mental Hygiene Law article 9, upon the application for the original retention order dated February 23, 1989; nor did he appeal from that order. The hearing court therefore correctly noted that it was bound by the outstanding six-month retention order in the absence of any showing by the petitioner that he was no longer mentally ill and in need of in-patient care and treatment.

Under the provisions of the Mental Hygiene Law found constitutional in *Project Release v Prevost* (722 F2d 960), a State psychiatric facility must apply at regular intervals to continue the retention of a patient whom it believes to be mentally ill and in need of in-patient care and treatment (Mental Hygiene Law art 9), and the facility has the burden of proof each time it applies for the continued retention of a patient *(see, Addington v Texas,* 441 US 418). The placing of the burden of proof on a patient seeking release from a psychiatric facility prior to the expiration of an existing court order authorizing his retention is not a deprivation of due process.

The petitioner herein failed to submit his clinical record and/or other medical evidence for the hearing court's review, despite the express requirements of Mental Hygiene Law § 33.15 (b) that he do so. The court therefore properly determined that, under the circumstances at bar, the petitioner

failed to carry his burden of proof. Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.