■ In the Matter of LLOYD ZAMICHOW, Appellant. NEW YORK STATE COMMISSIONER OF MENTAL HEALTH, Respondent.— In a proceeding pursuant to CPL 330.20, Lloyd Zamichow appeals from an order of the Supreme Court, Orange County (Miller, J.), dated May 9, 1991, which granted the application of the New York State Commissioner of Mental Health for a recommitment order.

Ordered that the order is affirmed, without costs or disbursements.

On December 22, 1987, the appellant was found not responsible for the commission of reckless endangerment in the first degree by reason of mental disease or defect in the County Court, Nassau County. On March 1, 1988, the appellant was found to be mentally ill, but not suffering from a dangerous mental disorder. Pursuant to CPL 330.20 (7), the court committed the appellant to the custody of the New York State Commissioner of Mental Health (hereinafter the Commissioner). In January 1991, the Commissioner applied for a recommitment order in order to commit the appellant to a secure facility. The application was transferred to Orange

County, and following a hearing the Supreme Court found that the appellant suffered from a dangerous mental disorder and granted the Commissioner's application for a recommitment order committing the appellant to a secure facility for six months. The appellant argues that the court erred in granting the Commissioner's request for the recommitment order.

The appellant first contends that the Supreme Court lacked jurisdiction to grant the recommitment order because the County Court had failed to issue the appellant an order of conditions (see, CPL 330.20 [7]) at the time of his initial commitment on March 1, 1988. We disagree. Prior to the issuance of the recommitment order, the County Court issued an order of conditions nunc pro tunc. This cured the defect without prejudicing the appellant, inasmuch as a recommitment is not based on any violation of an order of conditions but rather on a finding that the appellant was a danger to himself and others. The issuance of the order of conditions was mandatory (see, CPL 330.20 [7]); the statutory scheme of CPL 330.20 was intended, inter alia, to ensure continuing judicial oversight over acquittees for an initial five-year period and the County Court's remedial compliance was not inconsistent with that purpose (see, People v Stone, 73 NY2d 296, 302). The recommitment order of the Supreme Court thus was properly based on an existing order of conditions and a judicial finding that the appellant had a current dangerous mental disorder (see, People v Stone, supra).

The appellant's contention that the recommitment provision of CPL 330.20 itself violates constitutionally protected rights to due process and equal protection similarly lacks merit. Essentially, the appellant argues that because certain acquittees, such as himself, initially are not found dangerous but merely mentally ill, there is no constitutionally adequate basis for treating them differently from those confined civilly; he points to the fact that as a "track two" acquittee he was first confined under the Mental Hygiene Law, which is to apply "at all subsequent proceedings" (CPL 330.20 [7]). He contends that the Court of Appeals contradicted this mandate to apply civil commitment standards in People v Stone (supra) while at the same time noting—correctly—that the court did not there address the constitutional questions he now raises.

However, a statute which calls for treating those acquitted of a crime by reason of mental disease or defect differently from other candidates for commitment does not violate the due process or equal protection rights of the former (Jones v

*United States,* 463 US 354), and we are unpersuaded that the initial findings of a New York criminal court placing acquittees in one of the three available "tracks" has any constitutional significance. All such persons have committed criminal acts, and this underlies the permissible distinction between them and all others *(Jones v United States, supra,* at 364-365). Thus, in a case decided five years before *People v Stone (supra)* the Court of Appeals held that as a matter of due process *Jones* permitted a New York acquittee to be confined pursuant to CPL 330.20 if the District Attorney could show the acquittee's mental defect by a "preponderance of the credible evidence", rather than by the more stringent "clear and convincing" standard of proof applicable in civil commitment proceedings *(People v Escobar,* 61 NY2d 431, 432). Accordingly, we reject appellant's constitutional attack on the statutory basis of the recommitment order. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.