In the Matter of JILL ZZ., Appellant. RICHARD C. SURLES, as Commissioner of the New York State Office of Mental Health, Respondent.

Third Department, December 24, 1992

**APPEARANCES OF COUNSEL**

*Sheila Shea,* Albany, for appellant.

*Robert Abrams, Attorney-General,* Albany *(Clifford A. Royael* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

In early 1990, respondent was found not responsible by reason of mental disease or defect of a charge of burglary in the second degree. Following a hearing held pursuant to CPL 330.20 (6), County Court determined that respondent was "currently suffering from a mental illness but is not dangerous as a result of that disorder". In accordance with the provisions of CPL 330.20 (7), the court on August 17, 1990 granted an order committing respondent to the custody of petitioner. Respondent was forthwith involuntarily committed to a State psychiatric center pursuant to that order, but her status was converted to one of voluntary patient on February 12, 1991. She was discharged to a private community residence in early June and formally discharged from the State psychiatric center on July 10, 1991. Meanwhile, however, by letter application to County Court dated June 21, 1991, petitioner requested an order of conditions to govern respondent's compliance with a specific postrelease treatment program and to provide for, *inter alia,* the monitoring of her behavior during the period of her transition from an institutional setting to an open community residential environment. Respondent, through Mental Hygiene Legal Service, opposed the application on the ground, *inter alia,* that County Court lacked jurisdiction to impose an order of conditions once petitioner had completed her period of confinement under the court's prior civil commitment order. County Court overruled respondent's objections, agreeing with the contention made on petitioner's behalf that it had the power to grant the order of conditions as the equivalent of a release from confinement upon conditions pursuant to CPL 330.20 (12). This appeal by respondent ensued.

■ As a preliminary matter, we note that CPL 330.20 (21) (added by L 1983, ch 976) sets forth detailed rules governing appeals (by permission) from various determinations in proceedings following the adjudication of a person as not responsible by reason of mental disease or defect under CPL 330.20. However, CPL 330.20 (21) does not provide for any right of

appeal from an order of conditions on behalf of the person adjudged not responsible by reason of mental disease or defect *(cf.,* CPL 330.20 [21] [a] [i], [iii]). Prior to the foregoing 1983 amendment to CPL 330.20, however, that section and its predecessor statutes covering the same subject matter *(see,* CPL former 330.20 [3], [5] [L 1970, ch 996]; Code of Criminal Procedure § 454 [3] [L 1960, ch 550]) provided generally that proceedings thereunder are in the nature of civil special proceedings and, thus, final orders therein were appealable as of right *(see, People v Lally,* 19 NY2d 27, 30). This would have included appeals from an order of conditions *(see, Matter of Torsney,* 47 NY2d 667, 671; *People v Flockhart,* 96 AD2d 843). Thus, we agree with respondent that her right of appeal from the order of conditions was not effectively eliminated by the enactment of CPL 330.20 (21) *(see,* NY Const, art VI, § 4 [k]; *People v Pollenz,* 67 NY2d 264, 267-268) and petitioner has not argued otherwise.

■ Turning to the merits, we are of the view that County Court's authority as a criminal court to grant an order of conditions under CPL 330.20 (12) had already expired when petitioner made the application herein and, therefore, the order of conditions must be reversed and this proceeding dismissed. Clearly, County Court was not empowered to impose the order herein as an order of conditions upon release under CPL 330.20 (12), the justification urged upon and adopted by County Court. By its own terms, CPL 330.20 (12) only applies "when a defendant is in [petitioner's] custody pursuant to a *retention order* or *recommitment order"* (emphasis supplied), i.e., when in petitioner's custody as a result of a subsequent judicial determination, made after the initial hearing and findings under CPL 330.20 (6), that a defendant has a dangerous mental disorder pursuant to CPL 330.20 (8) (retention order) or CPL 330.20 (14) (recommitment order). Moreover, any purported authority under CPL 330.20 (12) to impose new conditions on respondent's release from confinement would directly conflict with CPL 330.20 (7), concededly the governing statute here, which provides that, after the initial order of commitment, *"further* retention, *conditional release* or discharge of such defendant shall be *in accordance with the provisions of the mental hygiene law"* (emphasis supplied) *(see, People v Flockhart, supra,* at 844).

■ We likewise conclude that County Court's authority to grant the order of conditions imposed herein cannot be sustained under the alternative rationale urged by petitioner on

appeal, i.e., that the order merely constituted a *delayed* compliance with the mandate of CPL 330.20 (7), in the case of a defendant found to be mentally ill but not dangerous, that the court must issue an order of conditions with the order of commitment. Once the finding of nondangerous mental illness is made, CPL 330.20 (7) stipulates that "articles nine or fifteen of the mental hygiene law shall apply at that stage of the proceedings and at all subsequent proceedings", and that the order of commitment is "deemed an order made pursuant to the mental hygiene law". The order of commitment under CPL 330.20 (7) is, thus, a civil order of involuntary commitment and is recognized as such in regulations concurrently adopted by petitioner and the Chief Administrator of the Courts *(see,* 22 NYCRR 110.4 [b]; *see also, People v Flockhart, supra,* at 844). The maximum period of such commitment may not exceed six months from the date of the order *(see,* Mental Hygiene Law § 9.33 [b]; *see also,* 22 NYCRR subtit D, ch II, form F). CPL 330.20 (7) clearly contemplates that the order of conditions is to be issued simultaneously with the order of commitment *(see,* 22 NYCRR subtit D, ch II, form N). Without deciding whether any delay after the issuance of an order of commitment renders a subsequent order of conditions invalid, County Court's continuing jurisdiction to render an order of conditions certainly expired not later than the end of the maximum six-month period of the order of commitment. Once the order of commitment was no longer effective and respondent had achieved voluntary patient status in petitioner's psychiatric facility, permitting the imposition of a new order of conditions upon respondent would, again, result in the application of the more stringent procedures only authorized under CPL 330.20 with respect to defendants in confinement as a result of a determination that they have a dangerous mental disorder *(see, People v Flockhart, supra).*

In light of the foregoing disposition, it is unnecessary for us to address respondent's contention that any order of conditions issued with an order of commitment under CPL 330.20 (7) must expire when the defendant is released from confinement *(cf., People v Stone,* 73 NY2d 296; *People v Flockhart, supra,* at 845).

MIKOLL, J. P., YESAWICH JR., MAHONEY and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and petition dismissed.