■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMIL XX., Appellant. [594 NYS2d 465] —Appeal from an order of

the Supreme Court (Harris, J.), entered September 11, 1992 in Albany County, which committed defendant to the custody of the Commissioner of Mental Health for confinement in a secure facility for six months.

Defendant was indicted in a 10-count indictment for crimes including murder in the second degree. After a jury trial defendant was found not responsible by reason of mental disease or defect. Defendant was subsequently examined by two court-appointed psychiatrists pursuant to CPL 330.20 (2) and, after these examinations and submission of reports to Supreme Court, an initial hearing was held to determine defendant's mental condition at that time (CPL 330.20 [6]). At the hearing, both psychiatrists testified that in their opinion defendant was dangerously mentally ill. Supreme Court found that defendant had a dangerous mental disorder and ordered him committed to a secure facility designated by the Commissioner of Mental Health. Defendant appeals.

We affirm. The People clearly met their burden to show by a preponderance of the evidence that defendant suffered from a dangerous mental disorder (see, People v Salem, 122 AD2d 85, lv denied 69 NY2d 601). Further, defendant's contention that one of the psychiatrists who testified was biased and he was therefore denied his due process right to a fair and impartial hearing is meritless. Initially, the mere fact that the psychiatrist stated as a part of his medical opinion that defendant should have been found responsible for the acts which resulted in his commitment does not indicate bias. In any event, defendant's citations to case law concerning bias on the part of a trier of fact are not applicable where, as here, a witness is accused of bias. In the case of bias on the part of a witness it is for the trier of fact, here Supreme Court, to determine the weight to be given the witness's testimony (see, People v Coffey, 11 NY2d 142; Ira K. v Frances K., 115 AD2d 699, 702). The basis of the alleged bias of the witness was made known to Supreme Court and we can find no error in Supreme Court's reliance upon the testimony of both psychiatrists given that the second psychiatrist, against whom defendant does not allege bias, also testified that defendant was dangerously mentally ill. Nor do we find any impropriety or evidence of bias in communications between the People and the psychiatric examiners concerning defendant's condition. Nothing in the record suggests that this was not part of an accepted method of examination (see, CPL 330.20 [2]). In any event, defense counsel was offered an opportunity to cross-

examine the medical witnesses after being provided with the correspondence and declined to do so (see, 1 Frumer-Biskind, Bender's New York Evidence § 2.03 [1]).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed.