[602 NYS2d 705]

## In the Matter of GENE DD., Appellant. NEW YORK STATE OFFICE OF MENTAL HEALTH, Respondent.

Third Department, October 21, 1993

148

## APPEARANCES OF COUNSEL

*Bruce S. Dix,* Albany *(Sheila E. Shea* of counsel), for appellant.

*Robert Abrams, Attorney-General,* Albany *(Troy Oechsner* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Respondent was acquitted of a charge of arson in the second

degree based upon a finding that he was not responsible by reason of a mental disease or defect. A hearing was held pursuant to CPL 330.20 (6) at which respondent was represented by counsel. At the conclusion of the hearing, County Court rendered an oral decision which found that respondent was mentally ill but did not have a dangerous mental disorder. County Court stated that it was going to issue an order of commitment in the customary form and the usual order of conditions which would include, among others, the requirement that respondent participate in the prescribed treatment programs and avoid all contact with certain family members. County Court directed the court clerk to make the orders available to counsel for review prior to signing. An order of commitment pursuant to CPL 330.20 (7) was signed on December 8, 1992 which committed respondent to petitioner's custody for a period not to exceed six months. The order specifically provided that it was "subject to the order of conditions issued herewith", but apparently no order of conditions was signed on that date. An employee of the State Office of Mental Health advised the court clerk that the requisite order of conditions had not been included with the order of commitment and on December 22, 1992, County Court sent a memorandum containing the conditions to the Director of the Capital District Psychiatric Center (hereinafter CDPC), where respondent has been admitted.

In the meantime, respondent's status was converted to that of a voluntary patient when he signed a voluntary commitment on December 11, 1992 (see, Mental Hygiene Law § 9.13). Shortly thereafter, respondent submitted a written request for his discharge from CDPC, and the facility promptly sought an order of retention, pursuant to Mental Hygiene Law § 9.13 (b), which Supreme Court granted. Pursuant to a subsequent Supreme Court order, respondent was discharged in March 1993 to a drug treatment facility, and he was discharged from that facility to his father's home on April 6, 1993. Meanwhile, by notice of appeal filed February 8, 1993, respondent took this appeal from County Court's order of conditions dated December 22, 1992.

■ Before addressing the merits of respondent's appeal, we must first address several procedural issues. First, an order of conditions is an order that is appealable as of right (Matter of Jill ZZ., 184 AD2d 121, 124). Next, we note that the 30-day time limit for taking an appeal from an order in a criminal matter never began to run because respondent was not served

with the order of conditions (see, CPL 460.10 [1] [a]). The third and most troublesome procedural issue is whether this appeal is moot.

■ CPL 330.20 creates a three-track scheme of procedure and treatment for defendants who are absolved of responsibility for a criminal act by reason of mental disease or defect (see, People v Stone, 73 NY2d 296, 300). Respondent and other criminal acquittees who, at the conclusion of the initial hearing required by CPL 330.20 (6), are found to be mentally ill but not suffering from a dangerous mental disorder fall within the second of the three tracks created by CPL 330.20. Mental Hygiene Law articles 9 and 15 are applicable to all stages of the proceedings involving such track-two acquittees and County Court is required to issue an order of conditions and an order committing such acquittees to the custody of the Commissioner of Mental Health or the Commissioner of Mental Retardation and Developmental Disabilities (CPL 330.20 [7]). An order of conditions is defined as: "[A]n order directing a defendant to comply with this [sic] prescribed treatment plan, or any other condition which the court determines to be reasonably necessary or appropriate, and, in addition, where a defendant is in custody of the commissioner, not to leave the facility without authorization. This order shall be valid for five years from the date of its issuance, except that, for good cause shown, the court may extend the period for an additional five years" (CPL 330.20 [1] [o]).

The order of commitment for track-two acquittees is deemed an order pursuant to the Mental Hygiene Law "and further retention, conditional release or discharge of such defendant shall be in accordance with the provisions of the mental hygiene law" (CPL 330.20 [7]). Because the order of commitment under CPL 330.20 (7) is a civil order of involuntary commitment (Matter of Jill ZZ., supra, at 125) and retention, conditional release or discharge must be accomplished in accordance with the Mental Hygiene Law (see, CPL 330.20 [7]), the question arises as to whether an order of conditions issued pursuant to CPL 330.20 (7) expires when the acquittee is released from confinement (see, Matter of Jill ZZ., supra, at 125).

We conclude that the order of conditions survives a track-two acquittee's release from confinement. The definition of an order of conditions provides that the order shall be valid for five years from its date of issuance (CPL 330.20 [1] [o]). "An order of conditions imposed on track two acquittees * * * is a

device enabling courts to maintain a supervisory role over particular *discharged* criminal acquittees" *(People v Stone,* 73 NY2d 296, 300, *supra* [emphasis supplied]). That the track-two acquittee's retention, conditional release or discharge from the confinement authorized by an order of commitment is governed by the Mental Hygiene Law does not mean that the acquittee is no longer subject to the CPL's continued oversight due to the potentiality of a dangerous mental disorder *(see, supra,* at 302). Confinement is clearly not a prerequisite to the vitality of an order of conditions, for an order of conditions can be imposed upon a track-three acquittee, who must be discharged after the initial hearing *(see, supra,* at 300; CPL 330.20 [7]). We conclude, therefore, that the order of conditions survived respondent's discharge and, thus, the appeal is not moot.

■ ■ Respondent contends that County Court's failure to issue a written order of conditions along with the order of commitment rendered the subsequently issued order of conditions invalid. We disagree. CPL 330.20 (7) clearly contemplates that the order of commitment and order of conditions be issued simultaneously and that "County Court's continuing jurisdiction to render an order of conditions certainly expire[s] not later than the end of the maximum six-month period of the order of commitment" *(Matter of Jill ZZ., supra,* at 125; *but see, Matter of Zamichow [New York State Commr. of Mental Health],* 176 AD2d 807, *appeal dismissed sub nom. Matter of Lloyd Z.,* 79 NY2d 851). In the case at bar, County Court's oral decision at the conclusion of the initial hearing states that the usual order of conditions would be issued and would include certain specified conditions. The order of commitment refers to "the order of conditions issued herewith" and, of course, CPL 330.20 (7) requires that an order of conditions be issued for track-two acquittees. A written order of conditions was issued some two weeks after the order of commitment when County Court was informed that a formal written order of conditions had not accompanied the order of commitment. In these circumstances, the brief delay in issuing the written order of conditions neither deprived County Court of jurisdiction to correct the defect nor otherwise affected the validity of the order. Based upon County Court's explanation at the conclusion of the initial hearing, respondent clearly knew that an order of conditions would be issued and what conditions would be included in the order, and it does not appear that respondent was prejudiced in any way by the

brief delay. Respondent's constitutional claims, raised for the first time on appeal, were not preserved for appellate review *(see, People v Stone, supra,* at 303).

WEISS, P. J., MERCURE and MAHONEY, JJ., concur.

Ordered that the order is affirmed, without costs.