OPINION OF THE COURT
Donald N. Silverman, J.
Petitioner is currently detained, pursuant to CPL 330.20 (1) (c), in the Mid-Hudson Psychiatric Center, New Hampton, New York. A retention order of August 31, 1992 (Berman, J., Sup Ct, Queens County) is currently under appeal, leave having been granted by the Appellate Division, Second Department, on November 9, 1992.
By petition for writ of habeas corpus, dated July 8, 1993, petitioner alleges that he is no longer mentally ill, nor currently suffering from a dangerous mental disorder, and is therefore entitled to be released (see, CPL 330.20 [1] [c], [d]; [12]). In support of this, petitioner has submitted an evaluation by Dr. Alan Tuckman. The report is dated September 2, 1993 and is based on evaluations conducted August 13 and 16, 1993. Dr. Tuckman’s evaluation finds that petitioner is no longer suffering from a dangerous mental disorder. He recommends a transfer to a less secure facility. Petitioner has requested, alternatively, that he be transferred to a less secure facility.
The motion to dismiss sets forth three issues. First, whether a writ of habeas corpus lies when an appeal from an order of retention already addresses the issue central to the writ. Second, whether a writ of habeas corpus is the proper vehicle for transfer to a less secure facility, as opposed to outright release. Third, whether the writ for habeas corpus should be dismissed for petitioner’s failure to first exhaust administrative remedies.
Regarding the first issue, habeas corpus relief should not take the place of, nor perform the functions of an appeal (see, People ex rel. Doyle v Atwell, 232 NY 96, 102 [1921]; People ex rel. Douglas v Vincent, 67 AD2d 587, 589 [2d Dept 1979]; and also, People ex rel. Keitt v McMann, 18 NY2d 257, 262 [1966] ["(I)n such (a) case (where, review of a mere error, allegedly committed at trial, is sought), the writ may not be utilized as *36 a substitute for appeal”]). Nevertheless, habeas corpus relief is to be afforded when dictated by reasons of practicality and necessity (People ex rel. Keitt v McMann, supra, at 262). The right to the writ, "is so primary and fundamental that it must take precedence over considerations of procedural orderliness and conformity.” (People v Schildhaus, 8 NY2d 33, 36 [1960].) Indeed, "[C]ases within the relief afforded by it at common law cannot * * * be placed beyond its reach and remedial action.” (People ex rel. Tweed v Liscomb, 60 NY 559, 566 [1875].)
Here, the application for the writ was made after a substantial lapse of time from the retention order. It is petitioner’s contention that he is not dangerously mentally ill at this time. This contention is supported by the recent report of a psychiatric evaluation finding petitioner not to be dangerously mentally ill. Arguably, such a finding by this court would entitle petitioner to conditional release (see, People ex rel. Thorpe v Von Holden, 63 NY2d 546, 555 [1984]).
The court finds that the appeal concerns petitioner’s mental health at a substantially different point in time from the instant application. Prompt determination of this liberty issue necessarily justifies consideration of the writ notwithstanding the pending appeal.
The second issue addresses whether habeas corpus is the appropriate procedural vehicle for transfer, rather than immediate and outright release. The writ of habeas corpus has been characterized as one of great flexibility and vague scope (see, People ex rel. Keitt v McMann, supra, at 263). The writ has been recognized as a viable procedural vehicle for a person committed pursuant to CPL 330.20 (see, Mental Hygiene Legal Servs. v Wack, 148 AD2d 341, affd 75 NY2d 751 [1989]; People ex rel. Brown v Johnston, 9 NY2d 482, 485 [1961]; and see also, United States ex rel. Wolfersdorf v Johnston, 317 F Supp 66 [SD NY 1970]). Administrative convenience does not justify denial of a writ (see, People ex rel. Brown v Johnston, supra, at 486). In contrast to these cases petitioner herein has available to him administrative procedures which provide, where appropriate, for transfer to a less secure facility. Although habeas corpus may in certain cases provide the only avenue to challenge a type of confinement, in cases such as this, where other procedural means are available, habeas corpus relief is not appropriate (see, People ex rel. Walker v New York State Bd. of Parole, 98 AD2d 33 [1983]).
In Carvalho v Wack (NYLJ, July 20, 1993, at 22, col 5) the court held: "The writ’s extraordinary remedy is available only *37 if it results in immediate release from custody and is not available where the relief requested will result in something other than immediate release” (supra, at 23, col 1, citing People ex rel. Ruckdeschel v LeFevre, 100 AD2d 643, appeal denied 62 NY2d 605 [1984]). Finding that a writ did not lie for purposes other than for immediate release, the court converted the writ to a CPLR article 78 petition seeking declaratory judgment (see also, People ex rel. Allan PP. v Dunston, 114 AD2d 678 [3d Dept 1985]; People ex rel. Kowalczyk v LeFevre, 70 AD2d 745 [3d Dept 1979], and as a companion case to Carvalho v Wack, supra, see, People v Herndon, NYLJ, July 20, 1993, at 22, col 4).
The court, in Carvalho (supra), reasoned that the writ was not designed to bypass administrative procedures otherwise available and not exhausted (Carvalho v Wack, supra, at 23). The court interpreted 14 NYCRR 541.9 (b) to afford petitioner, through her treatment team, the right to initiate a transfer request under this section. A detainee’s remedy for refusal by the treatment team to initiate the request is an article 78 proceeding. Hence, the regulations were held to provide an administrative remedy which must be exhausted before commencing an article 78 proceeding.
The Attorney-General submits an affidavit from a R.P. Miraglia, an Assistant Director in the New York State Office of Mental Health, which states that the New York State Office of Mental Health intends to follow the procedures set forth in Carvalho (supra), and its companion decision, People v Herndon (supra).
This court finds itself in agreement with the decisions in Herndon and Carvalho (supra) to the extent those decisions deal with transfer to a less secure facility. This form of relief is more appropriately addressed through the applicable regulations than through a habeas corpus proceeding.
Habeas corpus ad subjiciendum, the great writ, serves to test the legality of detention or imprisonment (Black’s Law Dictionary 638 [5th ed 1979]). "It [habeas corpus] was in use before magna charta, and came to us as a part of our inheritance from the mother country, and exists as a part of the common law of the State.” (People ex rel. Tweed v Liscomb, supra, at 565.) "The right of persons, deprived of liberty, to challenge in the courts the legality of their detention is safeguarded by the Constitution of the United States and by *38 the Constitution of the State.” (Hoff v State of New York, 279 NY 490, 492 [1939]; see too, US Const, art I, § 9; NY Const, art I, §4.)
Petitioner’s confinement rests upon his continuing illness and dangerousness (see, Jones v United States, 463 US 354, 369 [1983]; Foucha v Louisiana, 504 US —, 112 S Ct 1780, 1784 [1992]). "To subject a person to a greater deprivation of personal liberty than [is] necessary to achieve the purpose for which he is being confined is, it is clear, violative of due process [citations omitted]” (see, Matter of Kesselbrenner v Anonymous, 33 NY2d 161, 165 [1973]; see also, Matter of Torsney, 47 NY2d 667 [1979]). If he is no longer dangerous, then his continued incarceration in a high security facility does not bear a reasonable relation to the purpose for which he was committed, and is violative of due process (Foucha v Louisiana, supra, at —, at 1785). As freedom from bodily restraint is afforded the constitutional protection of due process, to deny him access to habeas corpus relief denies him protection of his liberty.
It is therefore the finding, decision, and order of this court that the petition for writ of habeas corpus, to the extent it seeks immediate release, should not be dismissed. The pending appeal and administrative remedies do not serve to bar this form of relief. However, with respect to that portion of the writ seeking transfer to a less secure facility, the motion to dismiss is granted. Petitioner must first avail himself of the administrative procedures for transfer.
Consequently, the motion to dismiss is denied in part, and granted in part. A hearing shall be held on January 5, 1994 to determine whether petitioner is entitled to outright release.