[606 NYS2d 834]

In the Matter of MENTAL HYGIENE LEGAL SERVICES ex rel. JAMES U., Respondent, v DWIGHT D. RHODES, as Director of Binghamton Psychiatric Center, Appellant.

Third Department, January 20, 1994

---

---

## APPEARANCES OF COUNSEL

*G. Oliver Koppell, Attorney-General,* Albany *(Denise A. Hartman* and *Peter H. Schiff* of counsel), for appellant.

*David M. LeVine,* Albany *(Sheila E. Shea* and *James E. Higgins* of counsel), for respondent.

### OPINION OF THE COURT

WHITE, J.

Petitioner has been in the custody of the Commissioner of Mental Health since 1987 when he pleaded not responsible by reason of mental disease or defect to charges of attempted murder and reckless endangerment. He is presently detained at Binghamton Psychiatric Facility in Broome County pursuant to a two-year retention order issued on August 19, 1992. On June 24, 1993, petitioner commenced this habeas corpus proceeding alleging that, because his mental illness is in remission, it is constitutionally impermissible to continue his involuntary detention solely on the basis of his dangerousness *(see, Foucha v Louisiana,* 504 US —, 112 S Ct 1780). After a hearing, County Court, even though it recognized that petitioner "will be extremely dangerous upon his release from the mental hospital even on an Order of Conditions", granted petitioner's application predicated on its finding that petitioner does not suffer from a dangerous mental disorder. It also concluded that, under *Foucha v Louisiana (supra),* petitioner could no longer be detained. Respondent appeals.

Initially, we note that we are not bound by County Court's findings of fact as our authority is as broad as that of the trial court and we may render the judgment we find warranted by the facts *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499). This proceeding is governed by Mental Hygiene Law § 33.15 (b), which provides that "[t]he court shall discharge the person so retained if it finds that he is not mentally disabled or that he is not in need of further retention for in-patient care and

treatment". "A determination that a patient has a 'need for retention' requires a showing that [he or she] is 'in need of involuntary care and treatment in a hospital', which in turn requires a demonstration that the patient 'has a mental illness' " *(Matter of Mental Hygiene Legal Servs. v Wack*, 75 NY2d 751, 755 [Alexander, J., dissenting], quoting Mental Hygiene Law § 9.01).

■ We shall now examine the evidence to determine if petitioner has established his entitlement to release under this statute *(see, Matter of Winslow v O'Neill*, 153 AD2d 563). It is uncontroverted that petitioner suffers from a bipolar disorder that is in remission due to lithium treatment and that he also has an antisocial personality disorder with strong narcissistic features. As a consequence of these disorders, he exhibits a general lack of empathy for others, a disregard for other people's feelings, egocentrism, a tendency to fly into rages at the slightest criticism, a sense of entitlement and a very argumentative nature due to his suspicion of others. These traits manifested themselves prior to the return of the petition when petitioner engaged in rule infractions, was verbally abusive and threatening, and sexually aggressive. Three of the four experts who testified concluded that petitioner was mentally ill while the fourth conceded that petitioner's inappropriate behavior could be the result of mental illness. While there was disagreement on the need for continued inpatient care and treatment for petitioner, respondent's experts believed it should be continued because his lack of insight and poor judgment could cause him to stop taking his medication. Without medication, all the experts agreed that petitioner would go into an acute exacerbation of his bipolar disorder which would place him at risk for becoming psychotic and violent.

While County Court recognized this danger, it felt that it had to release petitioner because he could not benefit from further hospitalization. We disagree inasmuch as respondent's experts opined that if petitioner remained hospitalized he could be involved in ongoing psychotherapeutic programs that would help him better understand the nature, course and chronicity of his illness so that he would be more equipped to monitor himself and maintain his medication. That the effectiveness of such treatment may be disputed does not mean that petitioner cannot be institutionalized *(see, Matter of Mental Hygiene Legal Servs. v Wack, supra,* at 753; *Matter of Torsney*, 47 NY2d 667, 683, n 6). Moreover, we fail to discern

how petitioner's interest would be served by releasing him knowing that he would likely engage in violent conduct.

Therefore, because our review of the record leads us to conclude that petitioner is mentally ill and in need of further retention for inpatient care and treatment, we reverse County Court and dismiss the petition. This disposition is not precluded by *Foucha v Louisiana (supra)* because this case is distinguishable in that petitioner is mentally ill, whereas in *Foucha* the petitioner was not.

CARDONA, P. J., MERCURE, CASEY and WEISS, JJ., concur.

Ordered that the order is reversed, on the law and the facts, without costs, and petition dismissed.