*725 OPINION OF THE COURT
William E. Sherwood, J.
The undersigned held a hearing in the habeas corpus proceeding on February 16, 1994, pursuant to an order of the Honorable Donald N. Silverman, J. S. C., dated December 23, 1993 (160 Misc 2d 34), which granted in part and denied in part a motion by the Queens County District Attorney to dismiss the petition. Attorney-General of the State of New York joined in the motion on behalf of the respondent.
The petitioner is confined at Mid-Hudson Psychiatric Center, a "secure facility” (CPL 330.20 [1] [b]) pursuant to an order of the Honorable Leon A. Beerman, Supreme Court, Queens County, dated August 31, 1992, entered upon a decision after evidentiary hearing which found that petitioner suffered from a dangerous mental disorder (CPL 330.20 [1] [c]). The order authorized the Commissioner of Mental Health to continue custody of the petitioner for two years. An appeal to the Appellate Division, Second Department, from that order is pending. The order of Justice Beerman is apparently the seventh retention order issued since petitioner pleaded not responsible by reason of mental disease or defect to the crimes of attempted and completed homicides.
Petitioner’s petition for the writ, dated July 8, 1993, alleged that he no longer suffers from a dangerous mental disorder as defined by the statute and prays for release from Mid-Hudson Psychiatric Center.
The District Attorney’s motion to dismiss the petition was predicated upon an alleged failure to exhaust appellate and administrative remedies. The District Attorney contended that the issues raised were identical to those pending in the appellate process. Alternatively, the District Attorney claimed that insofar as petitioner sought transfer from Mid-Hudson Psychiatric Center, a "secure facility” (CPL 330.20 [1] [b]) to a nonsecure facility, the writ did not lie since petitioner had failed to request his hospital forensic unit to change his status pursuant to 14 NYCRR 541.9 (b).
The motion to dismiss was decided by the Honorable Donald N. Silverman, J. S. C., on December 23, 1993. Justice Silver-man did not find an identity of issues with the pending appeal since the issue framed in the pending proceeding is whether petitioner is currently dangerously mentally ill, not whether he suffered that condition in August 1992. However, Justice Silverman agreed with the District Attorney that a writ of *726 habeas corpus was not an appropriate vehicle to obtain transfer from a secure to a nonsecure facility finding, first of all, that petitioner had an administrative remedy available to him, and, secondly, that a writ does not lie other than for the purpose of immediate release from custody. For the second proposition, Justice Silverman relied, in substantial part, on Carvalho v Wack (NYLJ, July 20, 1993, at 22, col 5 [Sup Ct, NY County, Ramos, J.]).
Justice Silverman directed a hearing on the issue of whether petitioner was currently dangerously mentally ill, stating that if he was not, he was entitled to immediate outright release.
At the hearing, the court heard the testimony of two psychiatrists, Dr. Alan Tuckman, an independent psychiatrist appointed by the court, and Dr. Salil Kathpalia, a staff psychiatrist at Mid-Hudson Psychiatric Center and the petitioner’s treating psychiatrist. The doctors agreed that petitioner is no longer dangerously mentally ill. That being the only competent evidence before it, the court so finds.
There was, however, a difference of opinion between the two doctors concerning the issue of whether petitioner was mentally ill. Dr. Tuckman found that petitioner was no longer mentally ill at all. Dr. Kathpalia concluded that the symptoms of petitioner’s mental illnesses were in remission, and had been for at least seven years. However, Dr. Kathpalia opined that the absence of symptomology had not been of such duration as to justify a change in the ultimate diagnosis, i.e., that petitioner suffers primarily from a condition known as paraphilia, an inappropriate sexual arousal from violence, whether actual or fantasized.
The court credits the testimony of Dr. Kathpalia and finds that petitioner continues to suffer from mental illness. Dr. Kathpalia reasoned that even though petitioner had not been sexually aroused by violence since 1986, this symptom had not been in remission for a sufficient period of time compared with its duration, a period of 25 to 30 years, to justify its removal from petitioner’s diagnosis. Moreover, both psychiatrists agreed that the active phase of the condition was precipitated by stress and Dr. Kathpalia stated that the absence of stress in the institutionalized setting could be responsible for the absence of symptoms. In fact, Dr. Tuckman stated that petitioner’s complete release from the custody of the Commissioner of Mental Health should be accompanied by an order of *727 "well defined” condition. Moreover, his initial report to the court recommended transfer to a nonsecure facility.
Having concluded that petitioner is mentally ill but not dangerously so, the court is then confronted with the problems of the disposition of the writ in light of Justice Silverman’s prior ruling in this case.
Since petitioner is not dangerously mentally ill, continued confinement at Mid-Hudson Psychiatric Center is violative of CPL 330.20 (9). On the other hand, a release of petitioner from the custody of the Commissioner of Mental Health would contravene the provisions of CPL 330.20 as well since the court is then required to transfer a patient committed to the Commission’s custody pursuant to CPL 330.20 to a nonsecure facility upon a finding that the patient is mentally ill but not dangerously mentally ill.
Contrary to petitioner’s contention at the hearing, a writ of habeas corpus is an appropriate mechanism for transfer from a secure to a nonsecure facility (see, Matter of Mental Hygiene Legal Serv. v Wack, 75 NY2d 751, affg 148 AD2d 341). Since the Court of Appeals and the Appellate Division, First Department, have so held, it would appear that Matter of Carvalho v Wack (NYLJ, July 20, 1993, at 22, col 5, supra) was wrongly decided and the court declines to follow it. Moreover, the theoretical underpinning of Carvalho (supra), i.e., that an administrative remedy exists for a patient improperly held in a secure facility, is misplaced. The regulations at 14 NYCRR 541.1 et seq. relied upon do not give the patient the right to obtain review of his status, but merely allow a patient to request his treatment team to make the request on his behalf.
Since Justice Silverman’s prior order merely directed a hearing, the undersigned is not bound by the "law of the case” doctrine (see, Matter of Manufacturers Hanover Trust Co. v Porcelli, 121 AD2d 384) and on the basis of the new evidence adduced at the hearing, the ruling is properly reconsidered (see, Holloway v Cha Cha Laundry, 97 AD2d 385; Matter of Yeampierre v Gutman, 57 AD2d 898).
Finally, the continued involuntary confinement of the petitioner does not violate due process (see, Foucha v Louisiana, 504 US —, 112 S Ct 1780) since the petitioner is still mentally ill (see, Matter of Mental Hygiene Legal Servs. ex rel. James U. v Rhodes, 195 AD2d 160; see also, Matter of Lloyd Z., 176 AD2d 807).