■ GEORGE McGRAW, a Patient at Kirby Forensic Psychiatric Center, Appellant, v RENATE WACK, as Director of Kirby Forensic Psychiatric Center, Respondent. [632 NYS2d 135] —Appeal from judgment, Supreme Court, New York County (Charles Ramos, J.), rendered July 7, 1993, which, insofar as appealed from, converted to a CPLR article 78 proceeding a certain portion of the underlying writ of habeas corpus, unanimously dismissed, without costs.

Petitioner George McGraw, in an unprovoked attack, beat his elderly landlord to death with a wrench on July 22, 1971 because he delusionally believed that the landlord had alienated him from his girlfriend. McGraw was charged with intentional murder but was ultimately adjudicated not guilty by reason of mental illness or defect and, after a hearing pursuant to CPL 330.20 (7), he was committed to the custody of the Commissioner of Mental Health. In 1985, petitioner was transferred to Kirby Forensic Psychiatric Center ("Kirby"), a secure facility under the jurisdiction of the Office of Mental Health, where he has remained since.

On December 18, 1992, petitioner filed a writ of habeas

corpus challenging his retention at Kirby, claiming he was no longer suffering from mental illness. At the hearing on the writ, petitioner orally amended his petition to seek, as alternative relief, transfer to a non-secure facility in the event that the court found him mentally ill but no longer dangerous.

By decision dated July 7, 1993, the IAS Court held, *inter alia*, that the writ was not the proper vehicle by which to seek a transfer and converted that portion of the writ to an article 78 proceeding for a declaratory judgment as to the right of petitioner to seek a transfer pursuant to 14 NYCRR 541.9 (b). Notwithstanding the foregoing, and in the interests of judicial economy and fairness to the parties, the court held a hearing on the writ addressing all of the claims therein, including the transfer. The court heard testimony from several psychiatrists, as well as McGraw, reviewed the Hospital Forensics Committee Report and thereafter concluded, by clear and convincing evidence, that McGraw, despite making progress, was not ready for either release or transfer. McGraw now appeals that part of the IAS Court's judgment which converted that portion of the writ of habeas corpus, which sought his transfer to a non-secure facility, to an article 78 proceeding.

In the matter at bar, a full evidentiary hearing was held, the merits of all of petitioner's claims were adjudicated, and a final judgment was entered. Since, after the entry of judgment, earlier non-final orders may be reviewed only on appeal from the final judgment and, then, only if they necessarily affect that judgment (*State of New York v Blue Crest Plans*, 70 AD2d 533; CPLR 5501 [a] [1]), the appeal must be dismissed as the court's conversion of part of the writ to an article 78 proceeding does not affect the final judgment, which was entered after a full hearing, and no appeal was taken from the final judgment.

In any event, were we to review the merits of petitioner's appeal, we would find that the IAS Court erred when it converted a portion of the writ to an article 78 proceeding as the writ was the proper vehicle for petitioner to seek a transfer to a non-secure facility.

It is clear that to subject a person to a deprivation of personal liberty greater than necessary to achieve the purpose for which that individual is confined is violative of due process (*Matter of Kesselbrenner v Anonymous*, 33 NY2d 161, 165; *Humphrey v Cady*, 405 US 504, 514; *Matter of Harry M.*, 96 AD2d 201, 206; *Matter of Francis S.*, 206 AD2d 4, 30-31 [dissenting opn, Murphy, P. J.], *lv granted* 212 AD2d 1071).

In *People ex rel. Brown v Johnston* (9 NY2d 482, 485) the

Court of Appeals observed that "any *further* restraint *in excess* of that permitted by the judgment or constitutional guarantees should be subject to inquiry" by means of a writ of habeas corpus. Further, the Court of Appeals recently approved, sub silentio, the use of a writ of habeas corpus to secure the transfer of a mentally ill individual to another institution (*see, Matter of Mental Hygiene Legal Servs. v Wack*, 75 NY2d 751; *see also, People ex rel. Schreiner v Tekben*, 160 Misc 2d 724, 727).

Accordingly, the IAS Court should not have converted that part of the writ seeking petitioner's transfer to an article 78 proceeding. Concur—Sullivan, J. P., Rubin, Nardelli and Tom, JJ.