■ WILBUR MCREYNOLDS, Appellant, v RUDOLPH W. GIULIANI, as Mayor of New York City, et al., Respondents. THE PEOPLE OF THE STATE OF NEW YORK ex rel. DARRICK SEAN MCREYNOLDS. WILBUR MCREYNOLDS, Appellant, v DIRECTOR OF BROOKLYN DEVELOPMENTAL CENTER, Respondent. WILBUR MCREYNOLDS, Appellant, v STATE OF NEW YORK, Respondent. WILBUR MCREYNOLDS, on Behalf of DARIUS I. MCREYNOLDS, Appellant, v STATE OF NEW YORK et al., Respondents. [656 NYS2d 871] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about July 10, 1995, which dismissed the proceeding seeking damages and injunctive relief for the alleged violation of freedom of religion; order, Court of Claims, State of New York (Christopher Mega, J.), entered January 23, 1996, which granted summary judgment dismissing the claim; order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered July 15, 1996, which, after a hearing, denied the habeas corpus petition and granted the motion of Brooklyn Developmental Center to retain Darrick McReynolds in its custody; and judgment, Supreme Court, New York County (Marylin Diamond, J.), entered September 11, 1996, which dismissed the petition, unanimously affirmed, without costs.

Since appellant's guardianship of two of his sons had been revoked and the third son was in the custody of the Child Welfare Administration pursuant to an order of the Family Court, he lacked capacity to bring the instant claims on their behalf. Although the Court of Claims does have jurisdiction over constitutional tort claims (*Brown v State of New York*, 89 NY2d 172), the claimed violation of religious freedom is not viable under the present circumstances. Appellant failed to sustain his burden at the habeas corpus hearing (*see, Matter of Winslow v O'Neill*, 153 AD2d 563), and the undisputed evidence overwhelmingly supported the retention of his son at Brooklyn Developmental Center. Finally, although appellant later sought relief solely on his own behalf, in apparent recognition of his adjudicated lack of capacity to do so on behalf of his sons, and styled the wrong complained of on a different theory, these were merely attempts to disguise the previously

dismissed claims, and were properly dismissed on the ground of res judicata.

We have considered appellant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.