■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JESSE F., Appellant, v RICHARD BENNETT, Respondent. [661 NYS2d 657] —In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Orange County (Pano Z. Patsalos, J.), dated September 25, 1996, which dismissed the petitioner's writ of habeas corpus.

Ordered that the judgment is affirmed, without costs or disbursements.

Since a writ of habeas corpus is an appropriate mechanism for transfer from a secure to a nonsecure facility (Mental Hygiene Law § 33.15; see, Matter of Mental Hygiene Legal Servs. v Wack, 75 NY2d 751, affg 148 AD2d 341; see also, People ex rel. Richard S. v Tekben, 219 AD2d 609, affg 160 Misc 2d 724; Matter of Mental Hygiene Legal Servs. ex rel. James U. v Rhodes, 195 AD2d 160), the Supreme Court erred by dismissing the petitioner's writ of habeas corpus on the basis that it did not have the authority to determine the transfer issue. Mental Hygiene Law § 33.15 does not limit the situations in which a patient may seek release from excessive detention by means of a writ of habeas corpus. Thus, while the habeas corpus procedure has not previously been applied to the question of whether a patient who is confined pursuant to CPL article 730 may be transferred from a secure to a nonsecure psychiatric facility, it may be utilized under such circumstances.

Moreover, the Legislature has indicated its concern for the right of a patient who has been indicted, but not yet convicted, not to be confined in a setting which is more restrictive than necessary to achieve the purpose for which the individual is confined (see, Jackson v Indiana, 406 US 715, 738; see also, McGraw v Wack, 220 AD2d 291), by enacting specific statutory procedures to be followed by the Office of Mental Health in determining whether a CPL article 730 patient may be transferred (14 NYCRR 540.9 [j]). At a hearing, the court may utilize the same guidelines set forth in the NYCRR to determine the status of the patient's mental illness for purposes of a transfer.

Nevertheless, in this case it was appropriate for the court to dismiss the writ of habeas corpus since the patient, who was indicted for arson in the second degree, failed to demonstrate that his mental illness had been treated sufficiently to ensure that he would not exhibit behavior which would jeopardize his own safety and that of other patients or staff in a less restrictive environment (14 NYCRR 540.9 [j]). Therefore, we affirm

the dismissal of the writ. Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.