■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOAN McGAFFIN, Also Known as JOAN ROMANO, Appellant, against FAMILY AND CHILDREN'S SERVICE OF ALBANY, INC., Respondent.— Appeal from an order of the Supreme Court entered in Albany County on July 17, 1956, dismissing a writ of habeas corpus. The petition, by the natural mother of the infant, alleges, in substance, that petitioner surrendered the child to the respondent agency under circumstances which she contends renders the surrender null and void, and that the child is being illegally detained. A writ was issued directing the production of the child, together with the cause of detention. The return to the writ, which is not traversed, alleges that the child was placed for adoption by respondent, and that on November 9, 1955, an order of adoption was duly made by the Surrogate of Albany County, and that the child is not, and since the adoption, has not been in the custody or control of respondent. Upon these facts alone the writ was properly dismissed without a hearing, because it appeared without dispute that the respondent did not have custody and could not produce the child, and had parted with custody pursuant to an order of a court of competent jurisdiction. However, apparently because of certain matters alleged in the petition and because the validity of the mother's surrender and the validity of the adoption were discussed orally before the court, the court below discussed the validity of the adoption in its opinion. Such matter contained in the opinion was obiter dicta, unnecessary to the decision. The order appealed from also contained in the decretal clause the statement that the surrender executed by the petitioner to respondent " became unassailable by petitioner

upon the entry of the order of adoption ". Such language is mere harmless surplusage because such an issue was not properly before the court, but lest it be misconstrued in the determination of any further or other proceedings relating to the adoption, or in other similar proceedings, the order should not be affirmed without deleting such unnecessary language. Without intending to indicate any opinion as to the validity or finality of the adoption, which is not before us, the final paragraph of the order is modified to read: " Ordered that the petition herein is dismissed ", and, as so modified, the order is affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur. [2 Misc 2d 608.]