THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM WILDER, Respondent, v. EDWIN MARKLEY, as Warden of Westchester County Jail, Appellant.— In a habeas corpus proceeding, the respondent Warden appeals from an order of the Supreme Court, Westchester County, dated December 27, 1966, which sustained the writ and remanded relator for pleading anew to the indictment upon which he had been convicted on a jury verdict. (The conviction was theretofore affirmed [*People* v. *Wilder*, 18 A D 2d 668].) Order reversed, on the law and facts, without costs, writ dismissed and relator remanded to the custody of appellant. The ground upon which Special Term sustained the writ was that relator's absence from the courtroom when the jury returned for and

was given further instructions on an aspect of one of the three counts on which relator was convicted constituted a deprivation of his statutory right to be present pursuant to section 427 of the Code of Criminal Procedure. After the further instructions were given, relator was brought into the courtroom and, with the jury still present, the jury's request for the instructions was marked for identification and relator and his attorney were informed that instructions had been given. In our opinion, while relator's absence would mandate the granting of the writ, absent an effective waiver of such statutory right (*People ex rel. Lupo* v. *Fay*, 13 N Y 2d 253), we find, under the circumstances of this case, that there were adequate indicia of such effective waiver. We reach the issue of the presence or absence of relator's counsel when further instructions were given, which the court below saw fit not to reach; and find, from the evidence adduced at the hearing herein, that relator's counsel was present. In any event, irrespective of such finding, we are of the opinion that (a) the failure of relator or his counsel, after relator was brought into the courtroom, to raise any objection or to request that they be informed as to what the jury had been told and (b) the failure to raise the point on the appeal from the conviction were, under the circumstances of the case at bar, adequate to charge relator with a waiver of the omission claimed (cf. *People ex rel. Keitt* v. *McMann*, 18 N Y 2d 257; *People ex rel. McBride* v. *Fay*, 19 A D 2d 712, affd. 14 N Y 2d 843; cert. den. 380 U. S. 982). Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.