■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEROY EDWARD GREEN, Appellant, v J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.—Appeal from so much of a judgment of the Supreme Court at Special Term, entered March 3, 1976 in Clinton County, which dismissed a writ of habeas corpus after a hearing. Petitioner is presently serving a sentence of imprisonment imposed by the County Court of Orange County on December 4, 1974 following a verdict convicting him of the crimes of attempted rape in the first degree and sexual abuse in the first degree. By the instant consolidated applications for habeas corpus relief he alleged, *inter alia,* that the complaining witness' ability to identify him at the trial had been tainted by certain improper pretrial identification techniques and that he had been denied the effective assistance of counsel during proceedings leading up to his conviction. Petitioner now appeals from so much of the judgment of Special Term as dismissed his writ seeking release from custody on those grounds. Petitioner's moving papers demonstrate that his judgment of conviction was affirmed on direct appeal to the Appellate Division, Second Department *(People v Green,* 46 AD2d 1014) and leave to appeal to the Court of Appeals was subsequently denied. He thereafter made two postconviction applications under CPL article 440 and concedes that the same Appellate Division has refused him permission to appeal from the orders which denied them. Under these circumstances, no reasons of practicality and necessity exist to warrant review of the issues he now attempts to present by way of habeas corpus and the judgment should be affirmed *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262). The identification matter could have been raised on the appeal and was placed before the trial court in one of the postconviction motions. So too, assigned counsel on the appeal could have addressed the quality of legal representation accorded to petitioner by his retained counsel during the trial and, to the extent that a deprivation of the right of counsel during pretrial proceedings was asserted, relief by way of CPL article 440 is available *(People ex rel. Vess v La Vallee,* 55 AD2d 968; *People ex rel. Stewart v La Vallee,,* 51 AD2d 1092; *People ex rel. White v La Vallee* 47 AD2d 982, mot for lv to app den 36 NY2d 647; *People ex rel. Negron v Herold,* 34 AD2d 1047; *People ex rel. Wilder v Markley,* 29 AD2d 542, app dsmd 26 NY2d 648). Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.