■ The People of the State of New York ex rel. Edward Kowalczyk, Also Known as Angelo Martin, Appellant, v Eugene S. LeFevre, as Superintendent of Clinton Correctional Facility, Respondent.—Appeal from a judgment of Supreme Court at Special Term, entered September 7, 1978 in Clinton County, which dismissed a writ of habeas corpus after a hearing. Relator is a prisoner at Clinton Correctional Facility in Dannemora serving a sentence of imprisonment from 25 years to life for a series of crimes, including rape in the first degree and murder. Relator appealed his 1970 conviction to both the Appellate Division, Second Department *(People v Kowalczyk,* 41 AD2d 602), and the Court of Appeals *(People v Kowalczyk,* 34 NY2d 864). Among the grounds for appeal, unanimously rejected by both appellate courts, was an allegation of deprivation of due process because the trial court allowed relator to act as counsel in his own behalf with assistance of court appointed counsel as legal advisors. Relator's application for reargument of appeal, based on allegations of improper assistance of counsel on appeal, was also denied. Relator then commenced a Federal habeas corpus proceeding alleging, *inter alia,* that his due process, equal protection and fair trial rights had been violated because the trial court had failed to give him enough time to prepare his defense. This claim was rejected by the Federal District Court for failure to exhaust available State remedies because petitioner had not previously raised this issue in prior appeals. Thereupon, the relator commenced this proceeding in Supreme Court pursuant to CPLR article 70. The dismissal of the writ by Special Term was proper (see *People ex rel. Greene v La Vallee,* 57 AD2d 675, mot for lv to app den 42 NY2d 805). Departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated by reasons of practicality and necessity *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262). Under these circumstances, review by way of habeas corpus is unwarranted. To the extent that relator's alleged deprivation of constitutional rights has not been reviewed in his previous appeals, relief by way of CPL article 440 is still available (see *People ex rel. Vess v La Vallee,* 55 AD2d 968). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.