■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALAN PP., Appellant, v LEONARD G. DUNSTON, as Director of the New York State Division for Youth, Region II, District II, Respondent.—Main, J. Appeal from a judgment of the Supreme Court at Special Term (Fischer, J.), entered February 14, 1985 in Broome County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

On November 10, 1983, by order of the Family Court of Broome County, petitioner was placed in the custody of the State Division for Youth (Division) for a period of 18 months. The placement for an 18-month period was erroneous since it exceeded the 12-month period specified in Family Court Act § 353.3 (5) for the offense that petitioner was found to have committed. Accordingly, when the Division filed a petition in Family Court on September 6, 1984 seeking a one-year extension of petitioner's placement, it noted that petitioner's cus-

tody expiration date should properly have been November 8, 1984 rather than May 8, 1985. As the result of a clerical error causing a delay and two instances of rescheduling, the Family Court hearing on the Division's extension petition was not to be conducted until January 11, 1985.

In the meanwhile, however, petitioner's Law Guardian commenced a habeas corpus proceeding in Supreme Court, where oral arguments took place on January 8, 1985. On January 14, 1985, Family Court, having conducted a hearing on the Division's extension petition, ordered, *inter alia,* that petitioner's placement be extended for one year from November 8, 1984. By judgment dated February 8, 1985, Special Term dismissed the habeas corpus petition. This appeal by petitioner from Special Term's judgment ensued.

We affirm. As Special Term noted, judicial review by way of a habeas corpus proceeding is unwarranted where full relief may be obtained in other more appropriate proceedings, and departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated by reasons of practicality and necessity *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262; *People ex rel. Kowalczyk v LeFevre,* 70 AD2d 745, *lv denied* 48 NY2d 602). Petitioner has presented no acceptable reasons of practicality or necessity requiring him to employ a habeas corpus proceeding rather than appealing Family Court's initial placement order or raising before Family Court his concerns regarding the extension of his detention *(see, People ex rel. Avery v LeFevre,* 105 AD2d 1015). Thus, Special Term correctly dismissed the petition.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.