■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES BACKUS, III, Appellant, v BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [658 NYS2d 709] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Rose, J.), entered May 13, 1996 in Broome County, which, *inter alia*, denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing, and (2) from an order of said court, entered July 3, 1996 in Broome County, which, *inter alia*, denied petitioner's motion for reconsideration.

Petitioner, the putative father of a male child born in October 1989 to an unwed 14-year-old mother, seeks to overturn the dismissal of his petition for a writ of habeas corpus seeking to secure custody of the child.[1] The record indicates that the child was removed from the care of the mother soon after his birth. The mother admitted neglecting her son and he was placed in the care of respondent Broome County Department of Social Services (hereinafter DSS). The child continued in the custody of DSS and a permanent neglect petition was filed against his mother and petitioner in February 1992. Petitioner appeared before Family Court at pretrial proceedings concerning the permanent neglect petition and his attorney appeared on his behalf at the later proceedings. The child was adjudicated to be permanently neglected and an order was entered giving custody to DSS for the purpose of placing him for adoption. Neither petitioner nor the child's mother appealed from that order and, in April 1994, an order of adoption was finalized.

Petitioner brought this habeas corpus proceeding in April 1996 and the child's mother moved to intervene. Supreme Court denied petitioner's application and implicitly denied the motion to intervene. Thereafter, petitioner and the child's mother brought a joint motion for reconsideration which was denied. Petitioner now appeals from the denials of his writ application and his motion for reconsideration.[2]

The denial of petitioner's application for a writ of habeas corpus must be affirmed. It is undisputed that neither respondent has custody of the child who is the subject of this motion and that this procedural defect precluded Supreme Court from entertaining the merits of the habeas corpus application (see, CPLR 7004 [b]; Domestic Relations Law § 110; see also, People ex rel. Doe v Beaudoin, 102 AD2d 359, 362; People ex rel. McGaffin v Family & Children's Serv., 3 AD2d 633). Moreover, insofar as petitioner failed to timely appeal from the adjudication of permanent neglect (see, CPLR 5513 [a]) or move to vacate such order on the basis of his claim of lack of personal jurisdiction (see, CPLR 5015 [a] [4]), his attempt to raise the jurisdictional issue and to substantively challenge such

1. We note that petitioner apparently never registered with the putative father registry (see, Social Services Law § 372-c) or took other steps to be declared the legal father of the child.

2. It should be noted that the child's mother also purports to appeal from the order denying the motion for reconsideration. It is apparent, however, that she lacks the capacity to challenge such order insofar as no order of intervention was granted and she did not appeal from the denial of her motion to intervene (see, Hope v Perales, 82 NY2d 680, 681).

adjudication in a habeas corpus proceeding is inappropriate (*see generally, People ex rel. Willette v Coughlin*, 184 AD2d 926, *lv denied* 80 NY2d 759).

Finally, although petitioner appeals from Supreme Court's denial of the motion for reconsideration, it is well settled that no appeal lies from the denial of a motion for reargument (*see, Menio v Akzo Salt*, 217 AD2d 334, 336, n 1). To the extent that petitioner's motion can be characterized as one for renewal, he has failed to demonstrate the existence of new facts and a justifiable excuse for not initially placing such facts before the court (*see, Wagman v Village of Catskill*, 213 AD2d 775, 775-776).

We have examined petitioner's remaining contentions and find them to be without merit.

Mercure, Crew III, White and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.