■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KAREN FF., Appellant, v ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondents. [911 NYS2d 679]—

Rose, J.P. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered February 2, 2009, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner consented to a finding that she neglected her three children and to an order of disposition placing them with respondent Ulster County Department of Social Services. Over one year after entry of the order, she commenced this proceeding seeking a writ of habeas corpus for the return of her children. Family Court dismissed the petition without a hearing, and we affirm.

A habeas corpus proceeding is unwarranted where full relief may be obtained by way of a direct appeal or collateral motion, and departure from such "orderly proceedings . . . should be permitted only when dictated by reasons of practicality and necessity" (*People ex rel. Alan PP. v Dunston*, 114 AD2d 678, 679 [1985]; *see People ex rel. Woodard v Lape*, 58 AD3d 903, 904 [2009], *lv denied* 12 NY3d 706 [2009]). Here, the proper procedure to challenge the consent order finding neglect and placing the children in the custody of the Department of Social Services is a motion to vacate (*see Matter of Nicole KK.*, 46 AD3d 1267,

1268 [2007]; Family Ct Act § 1051 [f]; § 1061). Our review of the record does not reveal the existence of any extraordinary circumstances that would warrant a departure from traditional orderly procedure (*see People ex rel. Landy v Rock*, 61 AD3d 1198 [2009], *lv denied* 13 NY3d 702 [2009]; *People ex rel. Martinez v West*, 20 AD3d 842, 842-843 [2005], *lv denied* 5 NY3d 716 [2005]; *People ex rel. Backus v Broome County Dept. of Social Servs.*, 240 AD2d 786, 787-788 [1997]).

Lahtinen, Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.