Matter of Michael S. v Christa P. (2018 NY Slip Op 06374)





Matter of Michael S. v Christa P.


2018 NY Slip Op 06374


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


951 OP 18-00347

[*1]IN THE MATTER OF MICHAEL S. AND DEBRA R., ON BEHALF OF DANYAL S. AND ZACKERY S., PETITIONERS,
v
CHRISTA P., ZACKERY S., YATES COUNTY FAMILY COURT, YATES COUNTY DEPARTMENT OF SOCIAL SERVICES AND YATES COUNTY CHILD PROTECTIVE SERVICES, RESPONDENTS. 






MICHAEL S., PETITIONER PRO SE.


 Proceeding pursuant to CPLR article 70 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 7002 [b] [2]) to produce the subject children. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: Petitioners Michael S. (petitioner) and his paramour, Debra R., commenced this proceeding pursuant to CPLR article 70 seeking, inter alia, a judgment directing respondents to produce the subject children. We dismiss the petition.
Petitioners seek production of the children on the ground that they are suitable persons with whom the children should be placed following the children's removal from the parental home (see Family Ct Act § 1017 [1] [a]). The preferred procedure for seeking such relief is for petitioner, the children's grandfather, to make a motion to intervene in the underlying child neglect proceedings pursuant to article 10 of the Family Court Act (see § 1035 [f]; Matter of Demetria FF. [Tracy GG.], 140 AD3d 1388, 1388-1390 [3d Dept 2016]). Petitioner may also commence a proceeding for custody of the children pursuant to article 6 of the Family Court Act (see Matter of Linda S. v Krishnia S., 50 AD3d 805, 806 [2d Dept 2008]; see also Demetria FF., 140 AD3d at 1388). We note that petitioner previously filed petitions for custody of the children pursuant to article 6, but he failed to appear at the ensuing hearing. Family Court subsequently dismissed the petitions without prejudice. There is no indication in the record that petitioner made any attempt to intervene in the article 10 proceeding or to renew the article 6 proceeding. We thus conclude that petitioners have failed to demonstrate "the existence of any extraordinary circumstances that would warrant a departure from traditional orderly procedure" (People ex rel. Karen FF. v Ulster County Dept. of Social Servs., 79 AD3d 1187, 1188 [3d Dept 2010]; see People ex rel. Tuszynski v Stallone, 117 AD3d 1472, 1472 [4th Dept 2014], lv denied 23 NY3d 908 [2014]).
Insofar as petitioners seek a change of venue or an investigation into the underlying proceedings in Family Court, such relief is not available by means of a petition pursuant to CPLR article 70 (see CPLR 7002 [a]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court