Matter of Ryan P. v Sarah P. (2021 NY Slip Op 04993)





Matter of Ryan P. v Sarah P.


2021 NY Slip Op 04993


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

527760 529203
[*1]In the Matter of Ryan P., Respondent,
v
Sarah P., Appellant. (Proceeding No. 1.)
In the Matter of Edward P. and Another, Alleged to be Neglected Children. Tioga County Department of Social Services, Respondent; Sarah P., Appellant. (Proceeding No. 2.)

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellant.
Mary Jane Murphy, Binghamton, for Ryan P., respondent.
Peter DeWind, County Attorney, Owego (Thomas P. Coulson of counsel), for Tioga County Department of Social Services, respondent.
Veronica M. Gorman, Binghamton, attorney for the children.



Colangelo, J.
Appeals (1) from an order of the Family Court of Tioga County (Keene, J.), entered October 12, 2018, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior custody order, and (2) from an order of said court, entered May 17, 2019, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Petitioner Ryan P. (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2012 and 2015). On November 15, 2017, the mother and the father entered into a custody stipulation that provided for joint legal custody of the children with primary physical custody to the mother. Shortly thereafter, the older child was admitted to a pediatric psychiatric unit based upon the mother's report to emergency room personnel that the child was suicidal. The discharge paperwork from the psychiatric unit confirmed that the admission was unnecessary. In December 2017, after the child's discharge, the father filed a custody modification petition seeking emergency primary physical custody of the children based upon on the mother's allegedly neglectful behavior (proceeding No. 1). Soon thereafter, Family Court modified the November 15, 2017 order by awarding the father temporary primary physical custody of the children, with reasonable visitation to the mother. In addition to the father's petition, petitioner Tioga County Department of Social Services (hereinafter DSS) filed a neglect petition against the mother, alleging, among other things, that she neglected the older child by subjecting him to "excessive and unnecessary medical and psychiatric treatment" and that her behavior gave rise to derivative neglect of the younger child (proceeding No. 2). Thereafter, in the context of the custody petition, Family Court ordered that the mother's visitation was to be supervised. The neglect petition was subsequently amended and refiled, and all parties agreed to proceed with the amended petition. Prior to the commencement of a fact-finding hearing on the amended neglect petition, Family Court indicated that both the neglect petition and the custody petition would be heard together and that DSS would go forward with its petition first. None of the parties or counsel objected to proceeding with a hearing on both petitions.
After the hearing, Family Court issued a decision finding that the mother neglected both children. With respect to the father's custody petition, the court found that the father demonstrated a change in circumstances since the entry of the November 2017 order and then determined that it was in the children's best interests to award the father sole custody and for the mother to have limited supervised visitation. On October 12, 2018, the court issued a final order effectuating the modified custody arrangement. A dispositional hearing was thereafter held on the [*2]neglect petition, after which Family Court, by order entered May 17, 2019, adjudicated the children to be neglected by the mother, ordered that the mother receive mental health services and placed the mother under DSS supervision for one year. The mother appeals.[FN1]
The mother first contends that Family Court erred in hearing the two petitions together in one combined hearing. However, as the record reflects, the mother, who was represented by counsel throughout the proceedings, made no objection prior to or during the hearing on this basis. Accordingly, the mother's contention is unpreserved (see CPLR 5501 [a] [3]; Matter of Isobella A. [Anna W.], 136 AD3d 1317, 1320 [2016]; Matter of Michelle S., 195 AD2d 721, 722 [1993]; Matter of Brian QQ., 166 AD2d 749, 750 [1990]).
The mother next contends that Family Court erred in making an award of custody prior to the dispositional hearing, alleging that it frustrated the purposes of the pending neglect matter and prejudiced her. The record reveals that the mother failed to object to the award of custody to the father prior to the dispositional hearing, rendering her arguments unpreserved.
Next, the mother contends that Family Court violated Family Ct Act § 1052 (a) (vii) by combining an award of custody to the father with an order placing her under DSS supervision in the same dispositional order. Although Family Ct Act § 1052 precludes the court from combining an order placing a respondent in a neglect proceeding under supervision with an award of custody to a nonrespondent parent pursuant to Family Ct Act article 6 (see Family Ct Act 1052 [a] [v], [vii]; Matter of Mariah K. [Rachael K.—Jay L.], 165 AD3d 1379, 1381 [2018]), no such violation occurred in this case. The court did not combine the custody order and the order of supervision in the dispositional order. The award of custody was made in the October 12, 2018 order at the conclusion of the hearing, and no extant issue of custody remained at the time of the dispositional hearing.
Finally, at oral argument, the mother's attorney raised the issue of ineffective assistance of counsel.[FN2] However, this issue was not raised in the mother's appellate brief and was only raised at oral argument and in the mother's reply brief, which was rejected by this Court's Clerk's office. Therefore, the issue is not properly before us (see Matter of Deuel v Dalton, 33 AD3d 1158, 1159 [2006]). Even if we were to consider the issue of ineffective assistance of counsel, as raised at oral argument, we would find it to be without merit (see Matter of Nicole R. v Richard S., 184 AD3d 978, 983 [2020]; Matter of Berezny v Raby, 145 AD3d 1356, 1358 [2016]). Accordingly, in light of all of the foregoing, there is no basis upon which to disturb the October 2018 order or the May 2019 order.
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: The mother does not specifically contest Family Court's finding of neglect against her or the final award of sole custody to the father.

Footnote 2: At oral argument, the attorney for the children indicated support for Family Court's determination and argued that the mother received the effective assistance of counsel.