People ex rel. Benjamin v Yetter (2021 NY Slip Op 07338)





People ex rel. Benjamin v Yetter


2021 NY Slip Op 07338


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

532549
[*1]The People of the State of New York ex rel. Ronald R. Benjamin, on Behalf of Sarah P. et al., Appellant,
v
Shawn L. Yetter, as Commissioner of Tioga County Department of Social Services, Respondent, et al., Respondent.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellant.
Peter DeWind, County Attorney, Owego (Thomas P. Coulson of counsel), for Commissioner of Tioga County Department of Social Services, respondent.



Egan Jr., J.
Appeal from an order of the Supreme Court (Tait, J.), entered December 4, 2020 in Tioga County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Concerns arose in 2017 that Sarah P. (hereinafter the mother) was subjecting the older of her then-two children (born in 2012 and 2015) to unnecessary medical and psychiatric treatment, prompting the commencement of a custody modification proceeding by the father of those children and a neglect proceeding by the Tioga County Department of Social Services (hereinafter DSS). The proceedings led to two orders from Family Court of relevance. The first was a 2018 order in which Family Court awarded sole legal and physical custody of the two children to their father. The second was a 2019 dispositional order following findings by Family Court that the mother had neglected the older child and derivatively neglected the younger child. The mother appealed from both orders and, in September 2021, this Court affirmed (Matter of Ryan P. v Sarah P., 197 AD3d 1393 [2021]).
The mother gave birth to the subject child (born in 2019) following the issuance of the 2019 order, prompting DSS to commence a proceeding alleging that her behavior toward the older child constituted derivative neglect of the subject child and obtain an order temporarily removing the latter from her care. In doing so, DSS apparently relied upon Family Court's prior findings that the mother had intellectual deficits and factitious disorder imposed on another, a mental health disorder formerly known as Munchausen syndrome by proxy.[FN1] The proceeding led to a 2020 order in which Family Court adjudicated her to have derivatively neglected the subject child and, after her motions to vacate that order and the 2019 order in the prior neglect proceeding were denied, petitioner filed this habeas corpus petition in an effort to obtain the immediate return of the subject child to the mother's care. Supreme Court denied the petition without a hearing, and petitioner appeals.
We affirm. "A habeas corpus proceeding is unwarranted where full relief may be obtained by way of a direct appeal or collateral motion, and departure from such 'orderly proceedings . . . should be permitted only when dictated by reasons of practicality and necessity'" (People ex rel. Karen FF. v Ulster County Dept. of Social Servs., 79 AD3d 1187, 1187 [2010], quoting People ex rel. Alan PP. v Dunston, 114 AD2d 678, 679 [1985]; see People ex rel. Woodard v Lape, 58 AD3 903, 904 [2009], lv denied 12 NY3d 706 [2009]). Petitioner argues that both DSS and Family Court improperly rebuffed the mother's attempt to challenge the findings in prior orders regarding her psychiatric diagnoses via the opinion of a clinical psychiatrist who she began seeing after the issuance of the 2019 order. The proper procedure to pursue that argument was to take an appeal from either the order denying the mother's motions [*2]to vacate or the 2020 order adjudicating the subject child to be derivatively neglected (see Family Ct Act § 1061; Matter of Palmiotti v Piscitelli, 100 AD3d 637, 638-639 [2012]; People ex rel. Karen FF. v Ulster County Dept. of Social Servs., 79 AD3d at 1188). Notwithstanding petitioner's efforts to argue otherwise, our review of the record does not reveal "any extraordinary circumstances that would warrant a departure from traditional orderly procedure" (People ex rel. Karen FF. v Ulster County Dept. of Social Servs., 79 AD3d at 1188; see People ex rel. Backus v Broome County Dept. of Social Servs., 240 AD2d 786, 787-788 [1997]). Thus, Supreme Court properly denied the petition.
Garry, P.J., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Factitious disorder is "characterized by the intentional feigning, exaggeration, or induction of the symptoms of a disease or injury . . . that is accompanied by the seeking of excessive medical care from various doctors and medical facilities" (Merriam-Webster Online Dictionary, factitious disorder [https://www.merriam-webster.com/dictionary/factitious disorder]).